Josue N. SAEZ, Plaintiff-Appellant,

v.

Eugene G. GOSLEE, as acting General Counsel and/or Peter G. Nash, General Counsel of the National Labor Relations Board, Defendants-Appellees.

No. 72–1014.

United States Court of Appeals, First Circuit.

Argued June 6, 1972.

Decided June 21, 1972.

George L. Weasler, Santurce, P. R., with whom Pedro E. Purcell Ruiz, Santurce, P. R., was on brief, for appellant.

Stephen J. Solomon, Atty., Washington, D. C., with whom Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Glen M. Bendixsen, Chief of Special Litigation, were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff filed an unfair labor charge against his former employer, alleging that he was discharged because he engaged in protected union activities. After investigation, the Regional Director declined to issue a complaint. Plaintiff then appealed to the General Counsel, who also refused to issue a complaint, stating he had determined that plaintiff was a supervisor and therefore not protected by the National Labor Relations Act. 29 U.S.C. § 152(11). Plaintiff's administrative appeal having failed, he sought mandamus in the district court to compel General Counsel to file a complaint. He now appeals from the dismissal of that action. We affirm.

Section 3(d) of the Act gives General Counsel final authority over the investigation and issuance of unfair labor practice complaints. For a quarter of a century this section has been uniformly interpreted to mean that federal courts have no jurisdiction to review the General Counsel's refusal. Mayer v.

Ordman, 6 Cir., 1968, 391 F.2d 889, cert. denied 393 U.S. 925, 89 S.Ct. 257, 21 L. Ed.2d 261; Balanyi v. Local 1031, IBEW, 7 Cir., 1967, 374 F.2d 723; Hourihan v. NLRB, 1952, 91 U.S.App.D.C. 316, 201 F.2d 187, cert. denied 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1359. See Vaca v. Sipes, 1967, 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842. Thus, while there is no provision in the Act explicitly prohibiting judicial review of General Counsel's activities, it must be concluded that judicial abstention has been fully acquiesced in by Congress. Indeed, in view of the imposing authority in favor of non-reviewability, this situation seems paradigmatic of one which is "committed to agency discretion" under section 10 of the Administrative Procedure Act. 5 U.S.C. § 701(a) (2). Appellant has alleged no special circumstances that might take his case out of the general rule. This is not a case where the claim is that the General Counsel has violated express statutory requirements, see Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210; cf. McKart v. United States, 1969, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194, but is merely one where appellant and General Counsel are in disagreement over the facts.

Appellant also alleges that he was denied procedural due process. Attacking the constitutional adequacy of the ex parte investigations of the Regional Director and the General Counsel, he asserts he was entitled to a hearing at some point prior to final disposition of his unfair labor practice charge. We see no merit in appellant's constitutional claim.

■ First, it is doubtful that appellant has an "entitlement" to have an unfair labor practice complaint issue in the same sense that, for example, a welfare recipient has a statutory entitlement to benefits. See Goldberg v. Kelly, 1970, 397 U.S. 254, 261–262, 90 S.Ct. 1011, 25

L.Ed.2d 287. The remedies of the National Labor Relations Act have generally been construed as protecting public rather than private rights, and thus their invocation has been entrusted to the public agency Congress created to enforce the provisions of the Act. See Amalgamated Utility Workers v. Consolidated Edison Co., 1940, 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738. Second, even granting that appellant may be within the scope of due process protection, the particular interest he is seeking to protect does not seem to be of a nature serious enough to warrant imposition of a hearing requirement. See Cafeteria & Restaurant Workers Union v. McElroy, 1961, 367 U.S. 886, 894–897, 81 S.Ct. 1743, 6 L.Ed.2d 1230. We cannot equate it with the termination of welfare benefits which may be essential to an individual's continued existence. See Goldberg v. Kelly, supra, 397 U.S. at 264, 90 S.Ct. 1011.

Finally, we see important governmental interests, both fiscal and otherwise, that would be jeopardized should we require a hearing prior to a final decision on whether to issue an unfair labor practice complaint. At present the great majority of unfair labor practice cases are disposed of prior to formal hearing at the Board level. A. Cox and D. Bok, Cases on Labor Law, p. 138 (7th ed. 1969). To require a hearing in the case before us would be to require some form of hearing for every unfair labor practice charge, placing a significant burden on the resources of the General Counsel's office. Perhaps more important, the informality of pre-Board procedures serves the public interest by promoting the amiable and peaceful settlement of labor disputes; the formalizing effect of a hearing requirement could jeopardize this important governmental interest. In any event, this determination does not reach constitutional levels.

Affirmed.