James E. BRADEN, Jr., Appellant,

v.

Irving M. HERMAN, Director of General Counsel's Office of Appeals, National Labor Relations Board, et al., Appellees.

No. 72-1054.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 5, 1972.

Rehearing and Rehearing En Banc Denied Nov. 1, 1972.

Donald W. Jones, Springfield, Mo., Prewitt, Jones, Wilson & Karchmer, Springfield, Mo., and Rex H. Reed, Washington, D. C., for appellant.

Frank Vogl, Atty., National Labor Relations Board, Washington, D. C., Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen Bendixsen, Chief of Special Litigation, Abigail Cooley Baskir, N. L. R. B., for appellees.

Before MATTHES, Chief Judge, LAY and HEANEY, Circuit Judges.

PER CURIAM.

James E. Braden, Jr., appeals from a District Court order dismissing his complaint for lack of jurisdiction. Braden sought to compel the General Counsel of the National Labor Relations Board and other Board officials to reconsider the dismissal of two unfair labor practice charges filed by him, and to issue a complaint based on the charges.

The unfair labor practice charges arose out of Braden's discharge by his employer at the request of Local 146, Sheet Metal Workers International Association, AFL–CIO. Braden alleged that the discharge violated the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Regional Director of the Board investigated the charge, and dismissed it on the grounds that the discharge was for nonpayment of Union dues and was made pursuant to a valid Union security

clause. Braden's subsequent appeal to the General Counsel of the Board was denied. Braden requested the General Counsel to reconsider the denial. Following further investigation by the Regional Director, this request was denied as was a second motion for reconsideration.[1]

 We affirm the decision of the District Court. Section 3(d) of the National Labor Relations Act gives the General Counsel authority over the investigation and issuance of unfair labor practices. Most courts have held that federal courts ordinarily have no jurisdiction to review the General Counsel's exercise of this authority.[2] We agree with the general rule, and find no reason to depart from it in this case.[3] The Regional Director and the General Counsel made a careful investigation of the facts and determined that under the evidence and the law, there was no violation.

 On appeal, Braden contends that the failure of the Board to hold a trial-type hearing violated his rights under the Due Process Clause of the Fifth Amendment. We do not agree. There are sound reasons for sustaining the right of the Board officials to act without such a hearing. The remedies of the Act are designed to protect public as well as private rights, and their invocation has been entrusted to the public agency created by Congress. See, Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738 (1940). An informal procedure to quickly resolve most cases is essential if these public and private rights are to be protected. Indeed, the principal criticism of the Board is that it moves too slowly once it reaches the hearing stage of a matter. Requiring a trial-type hearing whenever a charging party disagrees with the decision of the Board officials would further complicate the Board's task of maintaining industrial peace and protecting employee and employer rights and would not serve the public interest. See, Saez v. Goslee, etc., 463 F.2d 214 (1st Cir. June 21, 1972).

Affirmed.

1. The General Counsel stated:
 " * * * The evidence revealed that Braden's discharge was pursuant to lawful union security provisions following his suspension from membership as a result of his dues arrearages for a two-month period.
 "Although Braden contended that the Union had been deficient in its duty to advise him of his dues obligations, the evidence showed that at the time of hire Braden had been informed of his dues obligations, and that two notices were posted at the plant advising employees that suspension from membership would result from dues arrearages of two-months. Indeed, Braden conceded that he was aware of his arrearage in late February, but did not attempt to pay his dues until after he had been advised of his suspension from membership. Braden's tender of dues thereafter could not prevent the lawful invocation of the valid union security clause. General Motors, Packard Electric Division, 134 NLRB 1107. Finally the assertion on appeal that Braden had no dues obligations since he had never been formally initiated into the union was deemed without merit, since there was no evidence that the Union did not consider him a member, nor did it seek to deny him benefits of membership."

2. Terminal Freight Cooperative Ass'n v. N.L.R.B., 447 F.2d 1099, 1102 (3rd Cir. 1971); Balanyi v. Local 1031, Internat'l Bro. of Electrical Wkrs., 374 F.2d 723 (7th Cir. 1967); United Elec. Contractor's Ass'n v. Ordman, 366 F.2d 776 (2nd Cir. 1966), cert. denied, 385 U.S. 1026, 87 S.Ct. 753, 17 L.Ed.2d 674 (1967); Wellington Mill Division, West Point Mfg. Co. v. N.L.R.B., 330 F.2d 579, 590 (4th Cir.), cert. denied, 379 U.S. 882, 85 S.Ct. 144, 13 L.Ed.2d 88 (1964); Division 1267, Amal. Ass'n of Street, El. Ry., Emp. v. Ordman, 116 U.S.App.D.C. 7, 320 F.2d 729 (1963); N.L.R.B. v. Lewis, 310 F.2d 364, 366 (7th Cir. 1962); Dunn v. Retail Clerks International Ass'n, AFL–CIO, 307 F.2d 285 (6th Cir. 1962); General Drivers, Etc. v. National Labor Relations Bd., 179 F.2d 492, 494 (10th Cir. 1950); Lincourt v. N.L.R.B., 170 F.2d 306, 307 (1st Cir. 1948).

3. L. Jaffee, Judicial Control of Administrative Action, 360–361 (1965).