141 N.J. Super. 470 (1976)
358 A.2d 823
STATE OF NEW JERSEY, RESPONDENT,
v.
COUNCIL OF NEW JERSEY STATE COLLEGE LOCALS, NJSFT-AFT/AFL-CIO, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 27, 1976.
Decided May 17, 1976.
*471 Before Judges LYNCH, LARNER and HORN.
Messrs. Sauer, Boyle, Dwyer & Canellis, attorneys for appellant (Mr. William A. Cambria on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Stephen Skillman, Assistant Attorney General, *472 of counsel; Mr. Melvin E. Mounts, Deputy Attorney General, on the brief).
Mr. David A. Wallace, General Counsel, Public Employment Relations Commission, submitted a brief on behalf of the Commission.
PER CURIAM.
This is an appeal by the Council of New Jersey State College Locals, NJSFT-AFT/AFL-CIO (union) from a final decision of the Public Employment Relations Commission (PERC) which affirmed the action of the executive director of PERC in deciding not to issue an unfair practice complaint against the State of New Jersey (State). The union had charged the State with refusing to bargain in good faith, in violation of N.J.S.A. 34:13A-5.4(a) (5).
The record consists of a written stipulation of facts upon which PERC's decision was to be made. The final stipulation was that there were no other factual issues in dispute.
The controversy here had its origin in a labor contract which was negotiated by the State and the union and which was to run from February 1974 through June 1976. Article XXXIII of the contract provided for renegotiation of salaries and fringe benefits to become effective on or after July 1, 1975. These negotiations were to commence October 1, 1974.
The negotiations began on October 9, 1974, but were not successful. A ten-day strike occurred from November 18 to 27, 1974, after which negotiations resumed under the supervision of a mediator. Ten mediation sessions took place in December 1974 and January 1975. Tentative agreement was reached in some areas, but on February 7, 1975 the union filed the unfair practice charge which was the subject matter of PERC's decision. It alleged that the State had delivered an "ultimatum" that "there would be no annual increments, there would be no new benefits, and there would be no job security." The union contended that *473 it was the position of the State's negotiator that there would be no such offers because no state revenues were available for those purposes. The union charged that the State's position constituted a refusal to bargain in good faith. The State's response was that (a) its economic proposal of no increases in salary and fringe benefits was a good faith negotiating position taken in time of severe fiscal restraints, (b) the obligation to negotiate in good faith does not include an obligation to make concessions on every issue and (c) negotiations were continuing and agreement had been reached on a number of issues.
PERC held exploratory conferences with the parties, which produced the stipulation of facts mentioned above. On August 14, 1975 the executive director of PERC filed a Refusal to Issue Complaint. He found that the fact that the State had taken a firm stand on monetary issues did not constitute a refusal to negotiate in good faith. The director held that it was necessary to analyze the "totality" of a party's conduct to determine whether there was an illegal refusal to negotiate. He wrote: "It is firmly established that the duty to negotiate in good faith is not inconsistent with a firm position on a given subject. `Hard bargaining' is not necessarily inconsistent with a sincere desire to reach an agreement." In his analysis of the State's conduct the director found that the State had made concessions in many areas and that there had even been some movement on salaries since February 7; that the State's economic proposal had been presented with the prospect of a later re-evaluation of its position if and when the State's fiscal crisis was resolved, and that while the State was "adamant" on the issue of salaries, it had given good faith economic reasons for its position. Concluding that he could find no conduct of the State which might constitute a refusal to negotiate in good faith, the director refused to issue the complaint. PERC affirmed.
Before reaching the contentions of appellant union we advert to the State's apparent suggestion that  analogous *474 to the "unreviewable" authority of the general counsel of the National Labor Relations Board to refuse to institute an unfair labor practice complaint[1]  PERC's action in refusing to issue a complaint should not be subject to judicial review.
We disagree. In New Jersey judicial review of administrative agency decisions has the support of a special constitutional provision. N.J. Const. (1947), Art. VI, § 5, ¶ 4. This constitutional underpinning of the right of judicial review largely immunizes it from legislative curbs. In re Senior Appeals Examiners, 60 N.J. 356 (1972). The court rule which implements the constitutional provision provides for review as of right of final decisions of State agencies. R. 2:2-3(a) (2). In contrast, federal law contains no grant of authority to the courts to review a decision not to issue an unfair practice complaint. Mayer v. Ordman, 391 F.2d 889 (6 Cir.), cert. den. 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261 (1968). While Lullo v. Int'l. Ass'n of Fire Fighters, 55 N.J. 409, 424 (1970), suggests that the experience and adjudications under the National Labor Relations Act will often serve as a guide to the construction of New Jersey's Employer-Employee Relations Act (N.J.S.A. 34:13A-1 et seq.), limitation of judicial review as here urged is precluded by the constitutional provisions mentioned above, and we therefore refuse to follow the federal procedure. We hold that the refusal by PERC to issue a charge of unfair labor practice is reviewable *475 pursuant to R. 2:2-3(a)(2). However we find the Union's contentions on appeal to be without merit.
The parties entered into a stipulation as to all the facts. The findings and conclusions of the executive director in refusing to issue the complaint, concurred in by PERC, are supported by the facts contained in the stipulation. There is no showing that the action appealed from was arbitrary, capricious or otherwise erroneous. It is affirmed substantially for the reasons set forth in the decision of the director which was affirmed by PERC.
The union contends that it was entitled to a hearing on the allegations contained in its unfair practice charge. The Employer-Employee Relations Act gives the parties to an unfair practice dispute a right to a hearing on the merits only if PERC decides there is sufficient basis to the charge to justify issuance of a complaint. N.J.S.A. 34:13A-5.4 (c). This is in accord with the federal procedure. Braden v. Herman, 468 F. 2d 592 (8 Cir.1972), cert. den. 411 U.S. 916, 93 S.Ct. 1546, 36 L.Ed.2d 308 (1973); Saez v. Goslee, 463 F.2d 214 (1 Cir.), cert. den. 409 U.S. 1024, 93 S.Ct. 466, 34 L.Ed.2d 316 (1972). In any event, all the facts were stipulated and a hearing could add nothing more. We conclude that the union was not entitled to a hearing.
The determination not to issue a complaint of an unfair labor practice against the State is affirmed.
NOTES
[1] 29 U.S.C.A. §§ 153(d), 160(b); Tensing v. N.L.R.B. 519 F.2d 365 (6 Cir.1975); Hernandez v. N.L.R.B., 505 F.2d 119 (5 Cir.1974); Braden v. Herman, 468 F.2d 592 (8 Cir.1972), cert. den. 411 U.S. 916, 93 S.Ct. 1546, 36 L.Ed.2d 308 (1973); Mayer v. Ordman, 391 F.2d 889 (6 Cir.), cert. den. 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261 (1968); see N.L.R.B. v. Sears Roebuck & Co., 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).