778

**Herminio MARTINEZ, Plaintiff,**

v.

**Ronald T. SMITH, Regional Director of the Federal Labor Relations Authority, et al., Defendants.**

Civ. No. 82–0957.

United States District Court,
D. Puerto Rico.

Oct. 5, 1984.

Pedro J. Varela, Hato Rey, P.R., plaintiff.

William R. Tobey, Washington, D.C., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff, an assistant for administrative law judges in the Office of Hearings and Appeals (OHA), Region 2, of the Social Security Administration, brought an action for declaratory injunctive relief and mandamus against the Regional Director of Region 2, the Assistant General Counsel [1] of the Federal Labor Relations Authority, and the Federal Labor Relations Authority (FLRA). In essence, plaintiff seeks to invoke the jurisdiction of this Court to review a decision of the General Counsel of the FLRA, affirming the decision of the Regional Director for Region 2, refusing to issue a complaint upon unfair labor practice charges filed by plaintiff.

Defendants moved to dismiss this action on the grounds that the Court lacks juris-

**1.** The inclusion of the Assistant General Counsel in lieu of the General Counsel of the FLRA appears to be predicated on the fact that it was the Assistant General Counsel who signed the letter denying plaintiff's appeal from the Regional Director's decision not to issue a complaint.

diction over the subject matter, and that the complaint fails to state a claim upon which relief can be granted. Because the Court lacks subject matter jurisdiction, for the reasons stated below, the complaint is dismissed.

## FACTS.

In October, 1980, plaintiff was denied a promotion to GS–11 Staff Attorney by the Regional Chief Administrative Law Judge, on the grounds that production requirements had not been met, notwithstanding the recommendation submitted by the Administrative Law Judge in charge of the San Juan Office of Hearings and Appeals.

On January 13, 1981, American Federation of Government Employees, Local 3534, AFL–CIO, filed unfair labor practice charges against OHA for the denial of promotion to plaintiff and another staff attorney, and for OHA's refusal to negotiate on the "imposed" production goals set for staff attorneys, in violation of 5 U.S.C. Sections 7116(a)(1), (2), and (5). On January 21, 1981, plaintiff also filed an unfair labor practice charge, case No. 2–CA–763, charging OHA with violating Sections 7116(a)(1), (5), (7), and (8) of the statute.[2] In essence, plaintiff claimed that OHA had unilaterally changed its criteria for promotion by incorporating a production requirement without consulting with the union which was his bargaining representative, and that he was thereby denied a promotion for which he had been recommended.

The Regional Director refused to issue a complaint on the unfair labor practice charges and informed plaintiff of his right to request review by the General Counsel of the Regional Director's decision. Plaintiff pursued the review route. The General Counsel denied the appeal upon a determination that further proceedings would not effectuate the purposes of the Act. The instant petition before this Court followed.

## THE JURISDICTION OF THE COURT TO REVIEW A REFUSAL OF THE GENERAL COUNSEL TO ISSUE COMPLAINT.

The legislative scheme of the statute creating the Federal Labor Relations Authority[3] establishes that the investigation of unfair labor practice charges, and the issuance of unfair labor practice complaints, lie within the sole discretion of the Authority's General Counsel. In this connection, it mirrors the functions of the General Counsel of the National Labor Relations Board. In discussing the role and functions of the General Counsel in the handling of unfair labor practices, the House Report stated:

"Under subsection (a)(1) the sole responsibility for investigating a charge rests with the General Counsel of the Authority. If, after investigation, the General Counsel determines that a complaint should issue, he is required to cause the complaint to be served upon the charged agency or labor organization. The General Counsel's decision as to whether a complaint should issue

---

**2.** Section 7116 (5 U.S.C. § 7116) reads in pertinent part as follows:

"Unfair labor practices
(a) For the purpose of this chapter, it shall be an unfair labor practice for an agency—
(1) to interfere with, restrain, or coerce any employee in the exercise by the employee of any right under this chapter;
. . .
(5) to refuse to consult or negotiate in good faith with a labor organization as required by this chapter;
. . .
(7) to enforce any rule or regulation (other than a rule or regulation implementing section 2302 of this title) which is in conflict with any applicable collective bargaining agree-

ment if the agreement was in effect before the date the rule or regulation was prescribed; or
(8) to otherwise fail or refuse to comply with any provision of this chapter."

**3.** The statute was enacted by Congress as part of Title VII of the Civil Service Reform Act of 1978, Pub.Law No. 95–454, 92 Stat. 1111, 5 U.S.C. § 7101 et seq. Labor relations within the federal civil service are governed by the Labor-Management Relations Chapter of this statute. The Federal Labor Relations Authority administers the labor relations section of the Civil Service Reform Act. Its role is analogous to that of the National Labor Relations Board under the National Labor Relations Act. *Department of Defense, etc. v. F.L.R.A.,* 659 F.2d 1140 (D.C.Cir. 1981).

*shall not be subject to review.*" H.R. Rep. No. 95–1403.

The Senate Report shared the same view. See, S.Rep. No. 95–969, 95th Cong., 2nd Session 102, reprinted in 1978 U.S.Code Cong. & Adm.News, 2723, 2824. The statute's only requirement is that upon declining to issue complaint, the General Counsel must give a written statement of reasons why a complaint has not issued. 5 U.S.C. § 7118(a)(1).

▪ Like the National Labor Relations Act, the statute provides for Court review only of "final orders of the Authority." 5 U.S.C. § 7123(a). The General Counsel's decision refusing to issue complaint is not a final order of the Authority, subject to Court review. *Turgeon v. FLRA,* 677 F.2d 937 (D.C.Cir.1982); *Columbia Power Trades Council v. U.S. Department of Energy,* 671 F.2d 325 (9th Cir.1982); *Saez v. Goslee,* 463 F.2d 214 (1st Cir.1972); cert. den. 409 U.S. 1024, 93 S.Ct. 466, 34 L.Ed.2d 316 (1972).[4]

Consistent with the legislative scheme, this Court concludes that it has no jurisdiction to review the General Counsel's decision to refuse to issue complaint. In *Columbia Power Trades Council v. U.S. Dept. of Energy, supra,* the Court stated unequivocally:

"The only provision made for judicial jurisdiction appears in 5 USC Section 7123. An aggrieved party may appeal the Authority's action to a court of appeals, the Authority may petition a court of appeals for enforcement of its orders, and the Authority may seek an injunction in a district court after it has issued a complaint. At no point does the Act

entitle a party to petition a district court for relief." Id. at 327.

It follows then that the Authority, like the NLRB in the private sector, has exclusive jurisdiction over federal relations matters.

▪ In line with the foregoing, plaintiff's reliance upon this Court's mandamus jurisdiction, 28 U.S.C. § 1361[5] is unavailing. Section 1361 is addressed to the performance of ministerial acts or duties owed to a plaintiff, but does not permit the courts to influence the exercise of administrative discretion. *Wilmot v. Doyle,* 403 F.2d 811, 816 (9th Cir.1968). The General Counsel enjoys wide discretion in issuing complaints. In this case, the General Counsel exercised his discretion and determined not to issue a complaint. Accordingly, this Court may not grant a mandatory injunction to compel the General Counsel to issue a complaint. *Saez v. Goslee,* 463 F.2d 214 (1st Cir.1972); *Columbia Power Trades v. U.S. Dept. of Energy,* 671 F.2d 325.

▪ Plaintiff further alleges jurisdiction under the statute 5 U.S.C. § 7101 et seq., and 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. § 2201. As to the Authority's Statute and 28 U.S.C. § 1331, Congress did not intend for review of the General Counsel's decisions regarding issuance of unfair labor practice complaints. It is also well settled that the Declaratory Judgment Act is not a grant of jurisdiction to federal courts. *Schilling v. Rogers,* 363 U.S. 666, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960). Similarly, 5 U.S.C. § 5596 does not provide a jurisdictional basis for the instant proceeding. *Fields v. Harris,* 522 F.Supp. 901, aff'd. 675 F.2d 219 (8th Cir.1982).

---

**4.** For decisions upholding the rule that the courts may not review the discretion of the General Counsel of the NLRB not to issue an unfair labor practice complaint, see: *Balanyi v. Local 1031 I.B.E.W., AFL–CIO,* 374 F.2d 723 (7th Cir.1967); *United Electrical Contractors v. Ordman,* 366 F.2d 776 (2nd Cir.1966), cert. den. 385 U.S. 1026, 87 S.Ct. 753, 17 L.Ed.2d 674; *NLRB v. Lewis,* 310 F.2d 364 (7th Cir.1962); *NLRB v. Sears, Roebuck,* 421 U.S. 132, 156, 95 S.Ct. 1504, 1519, 44 L.Ed.2d 29 (1975); *Mayer v. Ordman,* 391 F.2d 889, cert. den. 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261; *Lincourt v. NLRB,* 170 F.2d 306, 307 (1st Cir.1948); *Vaca v. Sipes,* 386 U.S.

171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967).

**5.** 28 U.S.C. § 1361 provides that:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. This section, however, does not confer subject matter jurisdiction where otherwise none exists." *Akins v. Saxbe,* 380 F.Supp. 1210, 1217 (D.Me. 1974).

■ Finally, plaintiff asserts that his constitutional due process rights have been violated by the General Counsel for his refusal to issue complaint, and secure a remedy for plaintiff's alleged injuries. This claim is without merit. Plaintiff has not met his burden to show that he has a "property" or "liberty" constitutional interest in the issuance of an unfair labor practice complaint. The claim that plaintiff has a constitutionally protected interest is refuted by the provisions of the Statute pertaining to the relatives roles of the General Counsel and the Authority. Since the General Counsel does not prescribe remedies for unfair labor practices, any claims by plaintiff that he has an entitlement to a remedy from the General Counsel are without foundation. Accordingly, plaintiff has made no showing that he was denied due process by the General Counsel's refusal to issue complaint. *Saez v. Goslee, supra.*

The Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, defendants' motion to dismiss is hereby GRANTED. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.