**Herminio MARTINEZ,**
**Plaintiff, Appellant,**

v.

**Ronald T. SMITH, et al.,**
**Defendants, Appellees.**

**No. 84–2018.**

United States Court of Appeals,
First Circuit.

Submitted May 10, 1985.
Decided July 26, 1985.

Herminio Martinez, on brief pro se.

Ruth E. Peters, Sol., Federal Labor Relations Authority, Washington, D.C., with whom Steven H. Svartz, Deputy Sol., and Matthew J. Wheeler, Washington, D.C., on brief for appellee.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

The plaintiff, Herminio Martinez, filed a complaint in the district court alleging that the Regional Director and General Counsel of the Federal Labor Relations Authority acted unconstitutionally and beyond the scope of their authority when they declined to issue a complaint based upon the plaintiff's unfair labor charges. The district court, 595 F.Supp. 778 (D.C.P.R.1984), ruled that it lacked jurisdiction to review the decision to refuse to issue a complaint. The plaintiff appeals that decision, and we affirm.

According to the complaint, the plaintiff began his employment in October of 1979 with the Social Security Administration's Office of Hearings and Appeals (Agency), where he worked as a professional assistant for administrative law judges. He was recommended for a promotion by the administrative law judge in charge of the San Juan Office of Hearings and Appeals, but his promotion was denied by the Regional Chief Administrative Law Judge. The plaintiff filed unfair labor practice charges against the Agency and his union, alleging violations of subsections (1), (5), (7) and (8) of 5 U.S.C. § 7116(a). In March of 1981 the Regional Director dismissed the charges. In requesting review by the General Counsel, the plaintiff additionally charged breach of a collective bargaining agreement, and violation of the Back Pay Act, 5 U.S.C. § 5596(b)(1). The General Counsel sustained the dismissal of the charges.

The plaintiff acknowledges in his brief that generally courts have no jurisdiction to review a decision of the FLRA to refuse to issue an unfair labor practice complaint. See *Turgeon v. Federal Labor Relations Authority*, 677 F.2d 937, 940 (D.C.Cir.1982); *Columbia Power Trades Council v. U.S. Department of Energy*, 671 F.2d 325, 327 (9th Cir.1982). *See also Turgeon, supra* at 939–940 and *Columbia Power Trades, supra* at 326–327 (analogiz-ing FLRA to NLRB), and cases pertaining to NLRB's exclusive jurisdiction over General Counsel's decision not to issue a complaint, *e.g., Saez v. Goslee*, 463 F.2d 214 (1st Cir.), *cert. denied* 409 U.S. 1024, 93 S.Ct. 466, 34 L.Ed.2d 316 (1972), *Rockford Redi-Mix Co., Inc. v. Zipp*, 632 F.2d 30, 32, 32 n. 5 (7th Cir.1980), *cert. denied sub. nom. Countryman v. Zipp*, 450 U.S. 929, 101 S.Ct. 1388, 67 L.Ed.2d 362 (1981). The plaintiff argues instead that the district court has jurisdiction under exceptions to this general rule that would permit a federal court to exercise jurisdiction when the General Counsel has violated express statutory requirements, *see Leedom v. Kyne*, 358 U.S. 184, 188, 79 S.Ct. 180, 183, 3 L.Ed.2d 210 (1958) (NLRB) or has violated the plaintiff's constitutional rights, *see Baker v. International Alliance of Theatrical Stage Employees*, 691 F.2d 1291, 1296 (9th Cir.1982) (NLRB). We indicated in *Saez v. Goslee, supra* at 215 (NLRB), that such exceptions may exist.

The plaintiff's arguments fail, because he has not alleged any specific facts or cited any statutory or regulatory provisions which would show that the General Counsel violated any statutory requirements or any constitutional rights. To invoke the jurisdiction of the federal courts, such allegations must clearly show that jurisdiction is appropriate. *See Bova v. Pipefitters & Plumbers Local 60, AFL–CIO*, 554 F.2d 226, 228–229 (5th Cir.1977). *See also Baker, supra* at 1297; *International Ass'n of Machinists and Aerospace Workers, AFL–CIO v. Lubbers*, 681 F.2d 598, 603 (9th Cir.1982), *cert. denied*, 459 U.S. 1201, 103 S.Ct. 1185, 75 L.Ed.2d 432 (1983); *Associated Builders and Contractors, Inc., Baltimore Metropolitan Chapter v. Irving*, 610 F.2d 1221, 1228 (4th Cir.1979), *cert. denied*, 446 U.S. 965, 100 S.Ct. 2941, 64 L.Ed.2d 823 (1980); *Saez v. Goslee, supra* at 215.

The plaintiff does cite the Back Pay Act, 5 U.S.C. § 5596(b)(1) as a provision the General Counsel violated. However, that Act only specifies a remedy once an "appropriate authority" has found the employ-

ee "to have been affected by an unjustified or unwarranted personnel action...." Here, no such finding occurred.

The plaintiff argues that there are grounds for mandamus jurisdiction under 28 U.S.C. § 1361, and for jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. But neither of these provisions provides additional grounds for jurisdiction. *Louisville and Nashville Railroad Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir.), *cert. denied, sub. nom. Seaboard System Railroad, Inc. v. Donovan*, —— U.S. ——, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). *See also Saez v. Goslee, supra* (where plaintiff sought mandamus in the district court).

*The judgment of the district court is affirmed.*