Humberto G. Garcia, San Antonio, Tex., for petitioner.

Ruth Peters, Solicitor, Federal Labor Relations Authority, Dwight G. Rabuse, Atty., Appellate Staff, U.S. Dept. of Justice, Washington, D.C., for respondent.

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1749, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 87–4952.

United States Court of Appeals, Fifth Circuit.

March 29, 1988.

Before GEE, RUBIN and SMITH, Circuit Judges.

PER CURIAM:

The petitioner filed with this court the instant petition for review of the determination, by the Office of the General Counsel of the Federal Labor Relations Authority (the "Authority"), affirming the decision of the Regional Director of the Authority, not to issue an unfair labor practice complaint against the Department of the Air Force, Laughlin Air Force Base, Texas.[1]

---

1. Although the Petition for Review states that it is brought pursuant to Fed.R.App.P. 15, the actual *jurisdictional* basis appears to be 5 U.S.C. § 7123, which provides that "Any person aggrieved by any final order of the Authority ... may ... institute an action for judicial review of

The Authority has filed a motion to dismiss the petition on the ground that this court lacks subject-matter jurisdiction.[2] The petitioner has filed no opposition to the motion to dismiss.

The question for this court is whether the decision of the General Counsel not to issue an unfair labor practice complaint is a "final order of the Authority" subject to review by a court of appeals under 5 U.S.C. § 7123(a), or whether, instead, Congress intended the General Counsel to have unreviewable discretion to decline to issue unfair labor practice complaints. This is a question of first impression in this circuit.

The District of Columbia and First Circuits have determined that when the General Counsel declines to issue an unfair labor practice complaint, that determination does not constitute a reviewable "final order of the Authority." *Turgeon v. FLRA,* 677 F.2d 937 (D.C.Cir.1982); *Martinez v. Smith,* 768 F.2d 479 (1st Cir.1985). The petitioner has filed no brief or opposition to aid us in our decision, and we have located no authority that calls into question the holdings of the two above-named courts of appeals. Being particularly persuaded by the opinion in *Turgeon,* we adopt the District of Columbia Circuit rule on this matter as the rule in this circuit, as well. We GRANT the motion to dismiss.

## I.

This matter arises from the award on July 23, 1986, by an arbitrator, of back pay and other benefits to employee Gloria Risher. The arbitrator found that Ms. Risher's fourteen-day suspension was not for just cause and was not consistent with the terms of the applicable collective bargaining agreement and regulations. Laughlin Air Force Base filed exceptions, as permitted by 5 C.F.R. § 2425.1.[3]

The petitioner asserts that in February 1987 it made demand on the Air Force to pay the arbitrator's award, and that the agency refused. In March 1987, petitioner then filed an unfair labor practice charge with the Authority pursuant to 5 U.S.C. § 7118; the alleged unfair labor practice was the refusal to pay the attorney's fees determined by the arbitrator. In May 1987, the Regional Director of the Authority refused to issue an unfair labor practice complaint, and the petitioner filed an appeal with the General Counsel as permitted by 5 C.F.R. § 2423.10(c). On October 29, 1987, the Office of General Counsel issued its decision affirming the Regional Counsel's decision not to issue an unfair labor practice complaint. The petitioner here seeks a review of that decision.

## II.

■ In *Turgeon,* the District of Columbia Circuit held that when the General Counsel declines to issue an unfair labor practice complaint, there is "no 'final order of the Authority' subject to judicial review" as required for jurisdictional purposes under 5 U.S.C. § 7123(a). 677 F.2d at 939. Thus, "Congress clearly intended the General Counsel ... to have unreviewable discretion to decline to issue unfair labor practice complaints." *Id.* This holding is amply supported by 5 C.F.R. § 2423.10(e), which makes the General Counsel's decision not to issue a complaint non-reviewable:

the Authority's order in the United States court of appeals...."

**2.** Contemporaneously, the Authority filed an unopposed motion to substitute itself, as respondent, for the Air Force. The motion is based upon Fed.R.App.P. 15(a), which unequivocally requires the named respondent to be the agency that issued the order complained of. As an initial matter, we grant the motion to substitute, which is unopposed. The Authority also has filed an unopposed motion for enlargement of time within which to file a certified list of the materials comprising the record, as contemplated by 28 U.S.C. § 2112(a). Our order herein, granting the motion to dismiss, moots the motion for enlargement of time.

**3.** The petitioner claims that the exceptions were filed on September 3, 1986, after the August 28, 1986, deadline, but the Authority claims that the filing occurred on August 27, 1986, and was timely and that the September 3, 1986, date was merely the date on which the Authority acknowledged the exceptions. Under 5 C.F.R. § 2429.21(b), an exception is deemed filed when mailed, as determined by the postmark.

The General Counsel may sustain the Regional Director's refusal to issue or re-issue a complaint.... *The decision of the General Counsel shall be final.* [Emphasis added.]

As *Turgeon* notes, the General Counsel is the only person given authority to issue unfair labor practice complaints. 677 F.2d at 938 n. 4. Moreover,

[t]he Act affords the authority no opportunity to review a decision of the General Counsel declining to issue an unfair labor practice complaint—it is only upon the issuance of a complaint by the General Counsel that the Authority is empowered to exercise its decision-making functions [including issuing] any appropriate remedial order.... Since the General Counsel has not issued a complaint, and the Authority has not acted at all in this case, it is clear that there is no 'final order of the Authority' and hence no decision that we can review pursuant to section 7123.

*Id.* at 938–39. *Accord, Columbia Power Trades v. Department of Energy,* 671 F.2d 325, 329 (9th Cir.1982).

This plain logic is amply supported by the legislative history. *See Turgeon,* 677 F.2d at 939. Specifically, the House Report describes the role of the General Counsel in terms similar to the role of a prosecutor with unfettered discretion as to whether to initiate an action:

Under [5 U.S.C. § 7118(a)(1)] the sole responsibility for investigating a charge rests with the General Counsel ... [whose] decision as to whether a complaint should issue *shall not be subject to review.*

H.R.Rep. No. 95–1403, 95th Cong., 2d Sess. 52 (1978) (emphasis added). Similarly, the Senate Report states:

The General Counsel is intended to be autonomous in investigating unfair labor practice complaints, in making 'final decisions' as to which cases to prosecute.... Specifically, the Authority would neither direct the General Counsel concerning

which unfair labor practice cases to prosecute nor review the General Counsel's determination not to prosecute....

S.Rep. No. 95–969, 95th Cong., 2d Sess. 102, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2824.

As pointed out in *Turgeon,* the Senate language does not specifically foreclose the possibility of *judicial* review of a decision not to prosecute. 677 F.2d at 939. This would be problematical were it not for the fact that Congress clearly intended the General Counsel of the Authority to function in the same way as the General Counsel of the National Labor Relations Board (NLRB):

The [Committee] intends that the Authority's role in Federal sector labor-management relations be analogous to that of the [NLRB] in the private sector [and that] the General Counsel be analogous in role and function to the General Counsel of the [NLRB].

House Report, *supra,* at 41–42. *See also* Senate Report, *supra,* at 97, 102, 1978 U.S. Code Cong. & Ad.News at 2819, 2824.[4]

This court has previously confirmed the fact that the structure and role of the Authority are analogous to those of the NLRB. In *American Federation of Government Employees v. FLRA,* 715 F.2d 224, 225 n. 1 (5th Cir.1983), we noted that

Congress established the FLRA, an independent bipartisan agency within the Executive Branch *modeled on the [NLRB],* to construe and implement Title VII of the Act. *Like the NLRB,* the FLRA has been invested with both rulemaking and adjudicating powers, and may [among other powers and duties] *adjudicate* unfair labor practices ... [Emphasis added.]

More specifically, we recently noted that "Congress made it clear that the provisions of the statute concerning the role of the Authority ... *and the right of court review* were based on established practices of the [NLRB] in the 'private sector.'" *De-*

4. *Accord, Department of Defense v. FLRA,* 659 F.2d 1140, 1144 (D.C.Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982);

*Columbia Power Trades v. Department of Energy,* 671 F.2d at 329.

*partment of Justice v. FLRA*, 727 F.2d 481, 492 (5th Cir.1984).

In view of the clearly expressed intent of Congress to pattern the Authority after the [NLRB], and provide for judicial review similar to that provided by the National Labor Relations Act, it is instructive to consider precedent developed under the National Labor Relations Act. *Id.*

 Thus, cases construing the powers of the NLRB's General Counsel should be viewed as persuasive as to the proper role of the Authority's General Counsel. Fortunately, we do not write here on a blank slate. In *Winn–Dixie Stores, Inc. v. NLRB*, 567 F.2d 1343 (5th Cir.1978), we affirmed the broad, unreviewable right of the General Counsel of the NLRB to "control ... the scope of the proceedings under section 3(d) of the Act" by refusing to include certain charges in an unfair labor practice complaint. 567 F.2d 1350. "Section 3(d) ... leaves to the general counsel the decision as to what is and what is not at issue in an unfair labor practice hearing." *Id.*

Similarly, the First Circuit has confirmed that the NLRB's General Counsel " 'shall have final authority ... in respect of the ... issuance of [unfair labor practice complaints]' ... [quoting 29 U.S.C. § 160(f) (1976)]. Such administrative determinations by the General Counsel are not denominated 'orders' in the Act, and the Act makes no provision for their review." *Lincourt v. NLRB*, 170 F.2d 306, 307 (1st Cir.1948).

More importantly, the Supreme Court has addressed this issue unequivocally, noting that without the acquiescence of the NLRB's General Counsel, there can be no unfair labor practice charge in the private sector. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138–39, 95 S.Ct. 1504, 1510–11, 44 L.Ed.2d 29 (1975). The NLRB General Counsel has "the unreviewable authority to determine whether a complaint shall be filed." *Id.* *Accord, Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967). The NLRB "General Counsel's approval of a determination not to file an unfair labor practice complaint is not subject to judicial review...." *NLRB v. United Food & Commercial Workers Union*, —— U.S. ——, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987).

By analogy, the same result must obtain here, in regard to the public-sector counterpart to the NLRB. As is the case with the NLRB, the Authority's General Counsel has a role similar to that of a prosecutor, and his decision not to prosecute puts an end to the matter and is not reviewable, irrespective of the merits of the underlying unfair labor practice assertions. The General Counsel of the Authority having made his decision not to issue an unfair labor practice complaint, there is no "final order" of the Authority that confers jurisdiction on this court. The motion to substitute and the motion to dismiss are GRANTED, and the petition for review is DISMISSED for want of jurisdiction.

So ordered.