927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. O'GRADY, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION; National Labor Relations Board,
Defendants-Appellees.
 No. 90-2044.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1991.
 
 E.D.Mich., 89-72297, Duggan, J.
 E.D.Mich.
 AFFIRMED.
 Before RYAN and ALAN E. NORRIS, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Gerald J. O'Grady, a pro se Michigan plaintiff, appeals the district court's order dismissing his complaint filed under Title VII of the Civil Rights Act of 1964, as amended. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking unspecified injunctive and monetary relief, O'Grady sued his employer, General Motors Corporation (GMC). He alleged that on December 7, 1987, GMC reassigned him to a lower-paying job in retaliation for his filing of unfair labor practice charges with the National Labor Relations Board (NLRB) in November 1987. He further alleged that GMC discriminated against him on the bases of race, sex, age, and handicap in the reassignment. In addition, O'Grady sued the NLRB, alleging that he was denied due process and equal protection because he was required to submit a sworn statement outlining his charges, while GMC's attorney was permitted to submit only an unsworn letter in response.
 
 
 3
 O'Grady first exhausted his administrative remedies before filing his Title VII action. After an investigation, the NLRB's Regional Director and General Counsel declined to issue a complaint on the unfair labor practice charges. Pursuant to a Stipulation to Dismiss with Prejudice, executed by O'Grady and GMC's counsel, the district court, on March 1, 1990, dismissed with prejudice O'Grady's complaint against GMC.
 
 
 4
 On June 20, 1990, the magistrate issued a report which recommended that the NLRB's motion to dismiss under Fed.R.Civ.P. 12(b)(1) and (6) be granted. The magistrate found that the district court had no authority to review either the NLRB's decision not to issue a complaint or the manner in which the General Counsel arrived at his decision. Over O'Grady's objection that the magistrate misconstrued his claim, the district court dismissed the complaint in an order filed August 22, 1990. The court noted that O'Grady could not avoid the effect of settled law by attempting to divorce his constitutional claims from his statutory rights under the National Labor Relations Act.
 
 
 5
 On appeal, O'Grady argues that the district court, in turn, misinterpreted his claim against the NLRB. He further argues that the court erred in basing its decision on an issue not before the court and on a ground not presented in the NLRB's motion.
 
 
 6
 Upon review, we shall affirm the district court's order because the court lacks subject matter jurisdiction to review the prosecutorial function of the NLRB's General Counsel. NLRB v. United Food & Commercial Workers Union, Local 23, AFL-CIO, 484 U.S. 112, 124-26 (1987). Furthermore, O'Grady's constitutional claims are meritless. He was not denied the right to petition the government for redress of grievances. In fact, he did so, but he is not guaranteed a favorable outcome. The NLRB's procedural regulation requiring a sworn statement from a charging party does not offend the equal protection clause and serves the legitimate public interest in discouraging false and malicious charges. Moreover, in order for a private party to attack the constitutional adequacy of the NLRB's investigation of a charge, the applicable statute must provide a private right of entitlement to victims of unfair labor practices. Saez v. Goslee, 463 F.2d 214, 215 (1st Cir.) (per curiam), cert. denied, 409 U.S. 1024 (1972). Such a private right does not exist in this situation.
 
 
 7
 Finally, contrary to O'Grady's contention, the district court is not limited in its reasoning to only those grounds for dismissal specifically suggested by the moving party or the magistrate.
 
 
 8
 Accordingly, the district court's order is hereby affirmed for the reasons stated by the district court and those set forth in this order. Rule 9(b)(5), Rules of the Sixth Circuit.