Samuel M. **RIZZITELLI**, Petitioner,

v.

**FEDERAL LABOR RELATIONS AUTHORITY**, Respondent.

**Docket No. 00–4011**

United States Court of Appeals, Second Circuit.

Submitted: April 4, 2000

Decided: May 17, 2000

Samuel M. Rizzitelli, Jr., pro se, Derby, Connecticut, for Petitioner.

David M. Smith, Solicitor, Federal Labor Relations Authority (William R. Tobey, Deputy Solicitor; Ann M. Boehm, of counsel), Washington, D.C., for Respondent.

Before: WINTER, Chief Judge, OAKES, and WALKER, Circuit Judges.

WINTER, Chief Judge:

The Federal Labor Relations Authority (the "Authority") moves to dismiss Samuel M. Rizzitelli's petition for review of a decision by the Authority's General Counsel not to issue an unfair labor practice complaint. We grant the Authority's motion and dismiss the petition for lack of subject matter jurisdiction because the General Counsel's decision was not a "final order of the Authority" that we are empowered to review pursuant to Section 7123(a) of the Federal Service Labor–Management Relations Statute ("FSLMRS"), 5 U.S.C. § 7123(a).

In July 1998, petitioner filed an unfair labor practice charge with the Authority's Boston Regional Office against the American Federation of Government Employees, Local 1661, and the American Federation of Government Employees, Second District (collectively, the "Union"). Petitioner charged that the Union breached its duty of fair representation in connection with two grievances he filed while employed as a corrections officer in the federal prison in Danbury, Connecticut.

After investigating—and later re-investigating—petitioner's charge, the Regional Director of the Authority's Boston office declined to issue an unfair labor practice complaint. A letter from the Regional Director to petitioner gave two reasons for this decision: (i) the charge was untimely under Section 7118 of the FSLMRS, 5 U.S.C. § 7118, because it was filed more than six months after the Union's alleged breach; and (ii) the charge was meritless because the evidence did not show that the Union treated petitioner arbitrarily or that it treated him differently than similarly situated employees whom it represented.

Petitioner appealed the Regional Director's decision to the Authority's General Counsel. The General Counsel denied the appeal, and petitioner thereafter sought review of the General Counsel's decision in this court. In response, the Authority filed the instant motion to dismiss, arguing that we lack subject matter jurisdiction over a decision by the Authority's General Counsel not to issue a complaint.

Section 7123(a) is the only judicial review provision in the FSLMRS. That Section provides, in pertinent part, that "[a]ny person aggrieved by any final order of the Authority ... may ... institute an action for judicial review of the Authority's order in the United States court of appeals in the circuit in which the person resides or transacts business." 5 U.S.C. § 7123(a). According to petitioner, the General Counsel's decision not to issue a complaint should be deemed a "final order of the Authority." We disagree.

■ Petitioner's charge that the Union breached its duty of fair representation is properly characterized as an unfair labor practice charge under the FSLMRS. *See Karahalios v. National Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 532, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989) ("[The FSLMRS] makes it clear that a breach of the duty of fair representation is an unfair labor practice ...."); *see also* 5 U.S.C. § 7116(b)(8) (providing that it is unfair labor practice for union to violate any FSLMRS provision); *id.* § 7114(a)(1) ("An exclusive representative is responsible for representing the interests of all employees in the unit it represents without discrimination...."). In connection with charges of unfair labor practice, the Authority is empowered to resolve complaints—and hold hearings thereon—and issue appropriate remedial orders. *See* 5 U.S.C. § 7105(a)(2)(G); *see also id.* § 7118(a)(6)-(8). It is not, however, empowered to decide whether to issue an unfair labor practice complaint. *See generally id.* § 7105 (enumerating Authority's powers and duties). That power is vested exclusively in the Authority's General

Counsel, *see id.* § 7118(a)(1), and the Authority has no power to review the General Counsel's decision, either. *See Turgeon v. Federal Labor Relations Auth.*, 677 F.2d 937, 938 (D.C.Cir.1982) (per curiam) ("The Act affords the Authority no opportunity to review a decision of the General Counsel declining to issue an unfair labor practice complaint....").

■ It was the General Counsel, therefore, not the Authority, that made the final decision not to issue a complaint on petitioner's unfair labor practice charge. There is thus no "final order of the Authority," 5 U.S.C. § 7123(a), before us,[1] and we lack subject matter jurisdiction over the instant petition. *See Patent Office Professional Ass'n v. Federal Labor Relations Authority*, 128 F.3d 751, 753 (D.C.Cir.1997) ("[A] decision of the General Counsel of FLRA not to file a complaint is not judicially reviewable given that the statute provides for review only of decisions of the Authority."), *cert. denied*, 523 U.S. 1006, 118 S.Ct. 1189, 140 L.Ed.2d 319 (1998); *see also American Fed'n of Gov't Employees Local 1749 v. Federal Labor*

[1] Our conclusion is further supported by analogy to the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151–169. Under the NLRA, neither the National Labor Relations Board ("NLRB") nor the federal courts are empowered to review a decision by the NLRB's General Counsel not to issue an unfair labor practice complaint. *See United Elec. Contractors Ass'n v. Ordman*, 366 F.2d 776, 776 (2d Cir.1966) (per curiam); *see also Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) ("[T]he [NLRB's] General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint."); *Peltzman v. Central Gulf Lines, Inc.*, 497 F.2d 332, 333 n. 1 (2d Cir.1974) (per curiam). As a general matter, this proposition is instructive in construing the FSLMRS because Congress intended the FSLMRS to be the public-sector counterpart to the NLRA and structured the respective authority similarly. *See American Fed'n of Gov't Employees Local 1749 v. Federal Labor Relations Auth.*, 842 F.2d 102, 104–05 (5th Cir.1988) (per curiam); *Turgeon*, 677 F.2d at 939–40; *cf. Federal Labor Relations Auth. v. United States Dep't of Veterans Affairs*, 958 F.2d 503, 505 (2d Cir.1992) ("The FLRA's role in enforcing and implementing [the Federal Service Labor–Management Relations Statute] is analogous to the role the National Labor Relations Board plays in the private sector."). More specifically, practice under the NLRA is apposite to the question before us here because the legislative history to the FSLMRS manifests Congress's intent to allocate decision making between the Authority and its General Counsel in the same manner that it has been allocated between the NLRB and the NLRB's General Counsel. *See* S.Rep. No. 95–969, at 102 (1978), *reprinted in* 1978 U.S.C.A.A.N. 2723, 2824 ("The General Counsel is intended to be autonomous in investigating unfair labor practice complaints.... Specifically, the Authority would neither direct the General Counsel concerning which unfair labor practices cases to prosecute nor review the General Counsel's determinations not to prosecute, just as the National Labor Relations Board does not exercise such control over its General Counsel."); H.R.Rep. No. 95–1403, at 41–42 (1978) ("The [Committee] intends that the Authority's ... General Counsel be analogous in role and function to the General Counsel of the [NLRB].").

*Relations Auth.,* 842 F.2d 102 (5th Cir. 1988) (per curiam); *Martinez v. Smith,* 768 F.2d 479 (1st Cir.1985) (per curiam); *Turgeon,* 677 F.2d at 940.

We therefore dismiss the petition.