Dawn BOUTTÉ, Plaintiff–Appellant,

v.

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 73, AFL–CIO, Defendant–Appellee.

No. 01–3434.

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 2002.*

Decided March 21, 2002.

Before Hon. BAUER, Hon. KANNE, and Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

The district court dismissed Dawn Boutté's action against her union, the Service Employees International Union, Local 73, AFL–CIO, for lack of subject matter jurisdiction. We affirm.

Civil servant Boutté was employed by the Department of the Army at Fort Sheridan, Illinois, until her job was eliminated in 1993. In May 1994 Boutté was given a temporary position at the Veterans Administration's Westside Medical Center in Chicago, and in September 1994 she was awarded a permanent job as a clerk at that facility. Boutté's new salary was substantially lower than at her former position at Fort Sheridan, and several months after assuming her new duties she complained to a VA personnel specialist that federal regulations required that her prior salary be restored. When the VA disagreed, Boutté, by now a member of Local 73, which represents bargaining units at the Westside Medical Center, asked union representative Michael Randolph to investigate. But Randolph left the union without responding to Boutté's inquiry, and she took no further action until three years later in November 1997 when she filed with the VA a grievance concerning her salary. Local 73 represented Boutté during the grievance proceedings, but declined to take the matter to arbitration after the VA denied relief on the grounds that Boutté was not entitled to the higher salary and, in any event, had failed to file her grievance within 30 days of the contested action as required by her collective bargaining agreement.

Boutté then sued in federal court, naming as defendants the Westside Medical Center, its personnel chief, Local 73, and a union steward. She initially alleged that she had been the victim of age discrimination by the VA, and in a later amendment added that Local 73 had breached its duty of fair representation during the grievance

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

proceedings. Boutté's amended complaint and a second amended complaint were eventually dismissed, however, because of pleading deficiencies and Boutté's failure to serve the VA, and eventually she filed a third amended complaint naming only Local 73. The district court granted summary judgment for Local 73, concluding that it lacked jurisdiction because as a federal employee Boutté could seek redress for a breach of her union's duty of fair representation only through the Federal Labor Relations Authority.

We agree with the district court. The Civil Service Reform Act, 5 U.S.C. § 7101 et seq., governs labor relations in the federal sector. In particular the CSRA imposes upon unions a statutory duty of fair representation, *id.* § 7114(a)(1), and confers upon the Federal Labor Relations Authority the duty to adjudicate federal employees' claims of unfair labor practices–including a breach of the duty of fair representation–and take remedial action where warranted, *id.* § 7118. *See Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263,* 489 U.S. 527, 531–32, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989); *Rizzitelli v. Fed. Labor Relations Auth.,* 212 F.3d 710, 712 (2d Cir.2000). The administrative remedy under the CSRA is exclusive; in this appeal Boutté presses her contention that she "has the right to take Local 73 ... directly to the Federal Court ... for ... failing to Represent her fairly," but her position is squarely foreclosed by *Karahalios,* 489 U.S. at 529, 109 S.Ct. 1282. *See also Abbott v. United States,* 144 F.3d 1, 4, 6 (1st Cir.1998); *Carter v. Gibbs,* 909 F.2d 1452, 1456 (Fed.Cir.1990) (en banc).

AFFIRMED.