**Marc P. TURGEON, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 81–1778.

United States Court of Appeals, District of Columbia Circuit.

May 11, 1982.
As Amended July 6, 1982.

Robert J. Freehling, Sol., Elizabeth Medaglia, Associate Sol., William R. Tobey, Atty., Federal Labor Relations Authority, Washington, D. C., were on the motion for respondent to dismiss the petition for review.

Marc P. Turgeon, pro se, filed an opposition to the motion to dismiss.

Before WRIGHT, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

In this action, Petitioner Marc P. Turgeon seeks review of a decision of the General Counsel of the Federal Labor Relations Authority (Authority) declining to issue an unfair labor practice complaint based upon a charge made by Local 3331, American Federation of Government Employees, AFL–CIO, on behalf of Mr. Turgeon, against the Environmental Protection Agency, Office of Solid Waste, his employer. The Authority has moved to dismiss, arguing that the General Counsel has unreviewable discretion to decline to issue unfair labor practice complaints, and that this court has no jurisdiction to review the General Counsel's decision. For the reasons set forth below, we grant the motion to dismiss.

Turgeon, an employee in the EPA Office of Solid Waste, was also a steward of Local 3331, the exclusive representative of, among others, employees in the Office of Solid Waste. In May, 1980, Turgeon filed

an unfair labor practice charge with the Regional Director of the Authority in Washington, D.C. against the Office of Solid Waste, alleging violations of section 7116(a)(1), (2), and (8) of the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101 et seq. (Supp. III 1979).[1] The Regional Director investigated the charges pursuant to regulations promulgated by the Authority.[2] In September, 1980, the Regional Director rendered his decision, declining to issue an unfair labor practice complaint on some allegations, and reserving the remainder for further investigation.[3] The decision specifically addressed each allegation made by the union, and detailed why issuance of a complaint was refused.

Turgeon appealed the Regional Director's decision to the General Counsel of the Authority. In May, 1981, the General Counsel affirmed the Regional Director's decision, adopted his conclusions, and declined to issue an unfair labor practice complaint. Turgeon then filed this petition for review of the General Counsel's decision.

This case presents a jurisdictional question of first impression concerning the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101 et seq., (Supp. III 1979) (Act).[4] The Act provides that an aggrieved person may obtain judicial review in the appropriate court of appeals, with exceptions not here relevant, of "any final order of the Authority." 5 U.S.C. § 7123(a) (Supp. III 1979). This is the only judicial review provision in the Act. The Act affords the Authority no opportunity to review a decision of the General Counsel declining to issue an unfair labor practice complaint—it is only upon the issuance of a complaint by the General Counsel that the Authority is empowered to exercise its decision-making functions: conduct hearings, decide the merits of a complaint, and issue

1. 5 U.S.C. § 7116 provides:
    § 7116. Unfair labor practices
    (a) For the purpose of this chapter, it shall be an unfair labor practice for an agency—
        (1) to interfere with, restrain, or coerce any employee in the exercise by the employee of any right under this chapter;
        (2) to encourage or discourage membership in any labor organization by discrimination in connection with hiring, tenure, promotion, or other conditions of employment;
                    *　*　*　*　*
        (8) to otherwise fail or refuse to comply with any provision of this chapter.

2. 5 U.S.C. § 7118 sets forth the procedure to be followed when unfair labor practices are alleged to have occurred. 5 C.F.R. Part 2423 (1981) sets forth the Authority's regulations implementing the statutory procedures. After filing of a charge, the Regional Director is directed to investigate and either issue a complaint or decline to issue a complaint. Id. § 2423.7. If the Regional Director declines to issue a complaint, he must provide the charging party with a statement of reasons. Id. § 2423.10(b). The Regional Director's decision declining to issue a complaint is subject to review by the General Counsel, who may direct the Regional Director to take further action, or affirm the decision of the Regional Director, stating his reasons. Id. § 2423.10(c). The regulations state that the decision of the General Counsel shall be final. Id.

3. The Regional Director's decision on the remaining charges was on appeal before the Gen-

eral Counsel at the time this motion was filed, and is not at issue in this case.

4. The Act provides a statutory basis for labor-management relations in the federal sector which had previously been governed, under authority of an executive order, by an exclusively administrative process not subject to judicial review. To administer the program the Act established an independent agency in the executive branch, the Federal Labor Relations Authority, intended to play a role in Federal sector labor-management relations analogous to that of the National Labor Relations Board (NLRB) in the private sector. H.R.Rep.No.95–1403, 95th Cong., 2d Sess. 41 (1978) (hereinafter House Report).

The Act also provides for a General Counsel who is appointed by the President, with Senate approval, independent of the Authority members, and serves at the pleasure of the President. 5 U.S.C. § 7104(f)(1) (Supp. III 1979). The General Counsel has separate authority to promulgate regulations in furtherance of his statutory duties. Id. § 7134. The principal duties of the General Counsel are to investigate unfair labor practice charges, and issue and prosecute unfair labor practice complaints before the Authority. Id. § 7104(f)(2). The General Counsel is the only person given authority to issue unfair labor practice complaints. The Act's only requirement concerning a refusal to issue an unfair labor practice complaint is that the charging party must be given a written statement of the reasons why a complaint was not issued. Id. § 7118(a)(1).

any appropriate remedial order. 5 U.S.C. §§ 7105(a)(2)(G), 7118(a)(6)–(8) (Supp. III 1979). Since the General Counsel has not issued a complaint, and the Authority has not acted at all in this case, it is clear that there is no "final order of the Authority" and hence no decision that we can review pursuant to section 7123.

This conclusion is buttressed by the legislative history of the Act, which demonstrates clearly that Congress intended a decision of the General Counsel declining to issue an unfair labor practice complaint to be unreviewable. In discussing the role and functions of the General Counsel in handling unfair labor practices under section 7118 of the Act, the House Report expressly states:

> Under subsection (a)(1) the sole responsibility for investigating a charge rests with the General Counsel of the Authority. If, after investigation, the General Counsel determines that a complaint should issue, he is required to cause the complaint to be served upon the charged agency or labor organization. *The General Counsel's decision as to whether a complaint should issue shall not be subject to review.*

House Report at 52 (emphasis added). Similarly, the Senate Report states:

> The General Counsel is intended to be autonomous in investigating unfair labor practice complaints, in making "final decisions" as to which cases to prosecute before the Authority.... Specifically, the Authority would neither direct the General Counsel concerning which unfair labor practice cases to prosecute nor review the General Counsel's determinations not to prosecute....

S.Rep.No.95–969, 95th Cong., 2d Sess. 102, *reprinted in* 1978 U.S.Code Cong. & Ad. News 2723, 2824 (hereinafter Senate Report). Thus, the House and Senate each indicated that decisions of the General Counsel declining to issue unfair labor practice complaints would be unreviewable.

Petitioner contends that the proper interpretation of the legislative history cited above is that, while there is no further review of the refusal of the General Counsel to issue an unfair labor practice complaint *within the Authority*, Congress did not intend to foreclose *judicial* review of the General Counsel's decision, but merely intended to draw the line between the prosecutorial function of the General Counsel and the adjudicatory function of the Authority. This, however, ignores the fact that, as the legislative history of the Act makes clear, the structure, role and functions of the Authority and its General Counsel were closely patterned after the structure, role and functions of the NLRB and its General Counsel under the National Labor Relations Act (NLRA), 29 U.S.C. §§ 153(d), 160(e), (f) (1976).

The analogy between the Authority and the NLRB was repeatedly drawn in the legislative history of the Act. The Senate Report stated its intent at one point:

> It is intended that unfair labor practice complaints will be handled by the General Counsel of the Authority in a manner essentially identical to National Labor Relations Board practices in the private sector.

Senate Report at 106, U.S.Code Cong. & Ad.News 1978, at 2828. The House Report was also explicit on this point:

> The [Committee] intends that the Authority's role in Federal sector labor-management relations be analogous to that of the National Labor Relations Board in the private sector .... The Committee intends that the General Counsel be analogous in role and function to the General Counsel of the National Labor Relations Board.

House Report at 41–42. *See also* Senate Report at 97, 102, U.S.Code Cong. & Ad. News 1978, at 2819, 2824.

The analogy between the Authority and the NLRB has been specifically recognized by this court. *Department of Defense v. FLRA*, 659 F.2d 1140, 1144 (D.C.Cir.1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). In view of the clearly expressed intent of Congress to pattern the Authority upon the model of the NLRB, it is appropriate for us to consider prece-

**940**

dent developed under the NLRA in interpreting the Act. Case law under the National Labor Relations Act has established that a decision of the NLRB's General Counsel declining to issue an unfair labor practice complaint is not a "final order of the Board" within the meaning of the judicial review provision of the NLRA, 29 U.S.C. § 160(f) (1976).

> [T]he General Counsel of the Board "shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of [unfair labor practice complaints]" .... Such administrative determinations by the General Counsel are not denominated "orders" in the Act, and the Act makes no provision for their review. That the Board itself no longer has power to make such determinations only serves to emphasize, what is otherwise abundantly clear, that there has in this case been no "final order of the Board" within the meaning of [section 160(f)].

*Lincourt v. NLRB*, 170 F.2d 306, 307 (1st Cir. 1948). Similarly, under the Act in question here, the decisions of the General Counsel are not denominated "orders". The Authority has no power to review the General Counsel's decision, or make decisions regarding the issuance of unfair labor practice complaints: the conclusion that there is no "final order of the Authority" in this case is inescapable.

Moreover, as the legislative history cited above makes clear, both Houses of Congress intended the General Counsel of the Authority to deal with unfair labor practice charges in the same manner as the General Counsel of the NLRB. House Report at 42; Senate Report at 102, U.S.Code Cong. & Admin.News 1978, at 2824. Thus, the General Counsel of the Authority must be accorded the same discretion with respect to issuance of unfair labor practice complaints as the General Counsel of the NLRB. Case law has established that the NLRB's General Counsel has unreviewable discretion in such matters.

> Congress has delegated to the Office of General Counsel "on behalf of the Board" the unreviewable authority to determine whether a complaint shall be filed. 29

U.S.C. § 153(d); *Vaca v. Sipes*, 386 U.S. 171, 182 [87 S.Ct. 903, 912, 17 L.Ed.2d 842], (1967). In those cases in which he decides that a complaint shall issue, the General Counsel becomes an advocate before the Board in support of the complaint. In those cases in which he decides not to issue a complaint, no proceeding before the Board occurs at all. The practical effect of this administrative scheme is that a party believing himself the victim of an unfair labor practice can obtain neither adjudication nor remedy under the labor statute without first persuading the Office of General Counsel that his claim is sufficiently meritorious to warrant Board consideration.

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138–39, 95 S.Ct. 1504, 1510, 11, 44 L.Ed.2d 29 (1975).

We therefore conclude that Congress clearly intended the General Counsel of the Federal Labor Relations Authority to have unreviewable discretion to decline to issue unfair labor practice complaints. Since there is thus no "final order of the Authority" subject to judicial review under section 7123 of the Act, the petition for review herein is dismissed for lack of jurisdiction.

*So Ordered.*