Lawrence G. MARTEL

v.

**William CARROLL III, as Regional Director, Merit Systems Protection Board, et al.**

Civ. A. No. 82–225–Z.

United States District Court,
D. Massachusetts.

April 26, 1983.

Jonathan D. Canter, Nix & Wendell, Boston, Mass., for plaintiff.

Evangeline W. Swift, Merit Systems Protection Bd., Stephen E. Hart, Civ. Div., Dept. of Justice, Washington, D.C., Ralph A. Child, Asst. U.S. Atty., Dept. of Justice, Boston, Mass., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Defendants, the Director of the First Region of the United States Merit Systems Protection Board ("the Board") and the Chief of the Air Traffic Division, New England Region, of the United States Federal Aviation Administration ("FAA"), have moved to dismiss this action filed by an air traffic controller whose employment was terminated for his alleged participation in an unlawful strike. For the reasons stated below, defendants' motions, treated in part as motions for summary judgment, are allowed.

Plaintiff's amended complaint posits three grounds for relief. The first two spring from the Board's alleged delay in processing and deciding plaintiff's appeal of termination. The appeal was filed on September 15, 1981, and was not decided until fifteen months later. Plaintiff's petition for review of the Board's decision was filed in January of this year and is currently pending. Plaintiff charges that the Board's

delay in his case constitutes a violation of his rights under 5 U.S.C. § 7701 and of due process of law.

■ 5 U.S.C. § 7701(i)(4) provides that it is the duty of the Board to "expedite to the extent practicable" all proceedings, and 5 U.S.C. § 7701(i)(1) states that upon the submission of an appeal, the Board will set a projected completion date which will "assure expeditious consideration of the appeal, consistent with the interests of fairness and other priorities of the Board," but neither provision specifies a timeframe in which appeals must be decided. In support of its motion to dismiss, the Board has submitted an affidavit from its Managing Director verifying upon personal knowledge the statement of facts contained in the memorandum supporting its motion to dismiss. The memorandum details the tremendous increase in the Board's caseload which was occasioned by the firing of striking air traffic controllers and discusses recent cutbacks in the Board's funding as well. Plaintiff has not submitted any affidavits to contest the contents of the affidavit. Accepting, therefore, the Board's undisputed statement of the pressures upon it as true, I must treat defendants' motions as motions for summary judgment and grant summary judgment in their favor. Fed.R. Civ.P. 12(b). Given the Board's limited resources and large caseload, the lapsing of fifteen months between the filing and decision of plaintiff's appeal cannot amount to a violation of 5 U.S.C. § 7701, nor can it rise to the level of a due process violation. *See Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

Plaintiff's third claim charges a violation of 5 U.S.C. §§ 7101, *et seq.,* and 7116. It alleges that the Professional Air Traffic Controllers Organization ("PATCO"), the exclusive representative of all FAA air traffic controllers, violated section 7116 by calling an illegal strike and coercing plaintiff into joining it. These acts and PATCO's failure to provide plaintiff with adequate, truthful or complete information are alleged to have been unfair labor practices and a breach of PATCO's duty fairly to represent plaintiff. The FAA is alleged to have "condoned PATCO's breach of duties owed to [plaintiff]; wrongfully failed to protect [plaintiff] from PATCO's breach of duties; and joined and participated in PATCO's breach of duties by removing [plaintiff]."

■ This Court has no jurisdiction over plaintiff's allegation of unfair labor practices. 5 U.S.C. § 7118(a)(4)(B)(i) provides that when any agency or union is charged with having engaged in an unfair labor practice, the General Counsel of the Federal Labor Relations Authority ("FLRA") shall investigate the charge and *may* issue a complaint. The decision whether to issue a complaint is entirely within the General Counsel's discretion and is not subject to judicial review. *Turgeon v. Federal Labor Relations Authority,* 677 F.2d 937 (D.C.Cir. 1982). Here, the General Counsel declined to file a complaint upon plaintiff's charge against PATCO and the FAA. His decision cannot be bypassed through an attempt to redress allegedly unfair labor practices in the District Court, *Columbia Power Trades v. United States Department of Energy,* 671 F.2d 325 (9th Cir.1982).

■ Plaintiff argues that the actions of PATCO can be characterized not only as unfair labor practices but also as breaches of the Union's duty to represent plaintiff fairly. If plaintiff were a private sector employee, a District Court might have jurisdiction over his claims against PATCO, *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Retana v. Apartment, Motel, Hotel and Elevator Operators Union, Local No. 14,* 453 F.2d 1018 (9th Cir.1972), although it is extremely doubtful whether, under the facts as alleged, plaintiff would state a claim against his employer. Building upon analogies drawn by several courts between labor law in the public and private sectors, *see, e.g., National Federation of Federal Employees, Local 1263 v. Commandant, Defense Language Institute, West Coast Branch,* 493 F.Supp. 675 (N.D.Cal. 1980), plaintiff argues that *Vaca* and its progeny recognize jurisdiction in this court to hear his claims. He also contends that he states a claim against the FAA upon which relief can be granted. I need not

reach this latter point because, given the context of the statutory scheme governing federal employment, this Court does not have jurisdiction to consider plaintiff's claims against the FAA.

In essence, what plaintiff is attempting to do is to challenge the propriety of his discharge by describing it as a wrongful failure of the FAA to protect him from a breach of his union's duty. Congress has provided a mechanism for an employee wishing to challenge his discharge, other than those which may be contained in the employee's collective bargaining agreement. A discharged employee may appeal his termination to the Board and thence to the Court of Appeals for the Federal Circuit. 5 U.S.C. §§ 7511, et seq., 7703. He may, as this plaintiff did, raise claims of union intimidation before the Board and can pursue them on appeal. In addition, by terming coercive actions unfair labor practices, an employee may succeed in having his grievances redressed by the FLRA. 5 U.S.C. § 7118. There is no provision, however, conferring jurisdiction upon the District Court to consider allegations of improper discharge or breach of duty.

Plaintiff's argument that an analogy should be drawn between his situation and that of the plaintiff in *Vaca,* where the Supreme Court held that jurisdiction existed in the District Courts to hear breach of duty claims even where those claims could colorably be read as alleging unfair labor practices, is not convincing. The Court's decision in *Vaca* was based on an examination of "the particular interests being asserted and the effect upon the administration of national labor policies of concurrent judicial and administrative remedies." 386 U.S. at 180, 87 S.Ct. at 911. These "interests being asserted" are vastly different in the context of public sector employment, where the public interest in an impartially administered but effective and efficient government predominates, and where a discharged employee, unlike his private sector counterpart, has a board to which he can appeal regardless of his union's evaluation of his claim. Congress sought to ensure the efficiency of the Civil Service by establishing a system which "[a]llow[s] civil servants

to be able to be hired and fired more easily, but for the right reasons," S.Rep. No. 969, 95th Cong.2d Sess. 4, *reprinted in* 1978 U.S. Code Cong. and Ad.News 2723, 2726. That Congressional goal would be seriously impaired if, after litigating claims surrounding his allegedly unfair termination before the Board and in the Court of Appeals for the Federal Circuit, and after presenting his claims of unfair labor practices to the FLRA, a plaintiff could relitigate these matters in the District Court. 5 U.S.C. § 7101(b) mandates that "[t]he provisions of this chapter [chapter 71, governing labor-management relations and upon which plaintiff's claim against the FAA is based] shall be interpreted in a manner consistent with the requirement of an effective and efficient government." Accordingly, I hold that I have no jurisdiction to consider plaintiff's breach of duty claims.

Defendants' motions to dismiss Counts I and II of plaintiff's amended complaint, treated as motions for summary judgment, are allowed. Summary judgment will be granted for defendants on Count III as well since that count seeks declaratory relief which is derivative from plaintiff's claims on Counts I and II. Defendants' motions to dismiss Count IV of plaintiff's amended complaint are allowed.