**MONTANA AIR CHAPTER NO. 29, ASSOCIATION OF CIVILIAN TECHNICIANS, INC., Plaintiff,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY; General Counsel, Federal Labor Relations Authority; and Adjutant General, State of Montana, Defendants.**

**No. CV 86–68–GF.**

United States District Court,
D. Montana,
Great Falls Division.

April 15, 1986.

D. Patrick McKittrick, McKittrick Law Firm, Great Falls, Mont., for plaintiff.

Daniel M. Schember, Gaffney, Anspach, Schember, Klimaski & Marks, P.C., Washington, D.C., for defendants.

MEMORANDUM AND ORDER

LOVELL, District Judge.

This case is before the Court on plaintiff's motion for temporary injunctive relief. Plaintiff seeks to invoke the jurisdiction of this Court to enjoin Montana's adjutant general from enforcing his order, effective March 31, 1986, requiring civilian technicians employed by the Montana Air National Guard to wear military uniforms while at work.

I decline to intervene in this labor dispute because Congress has plainly provided for resolution of such issues in a different forum.

## BACKGROUND

The mission of the National Guard is to provide trained personnel for mobilization in time of war, emergency or civil disruption. The adjutant general in each state administers the hiring and supervision of civilian technicians, who are employed by the Guard as mechanics, machinists and supply technicians. These civilian technicians are the only Guard personnel on duty for much of the year. As a condition of employment, the civilian technicians must be members of the Guard and attend certain training sessions throughout the year. The technicians, however, have federal civilian employee status under the National Guard Technicians Act of 1968, 32. U.S.C. § 709, and as such are assigned wage grades, receive fringe benefits and negotiate labor agreements. *See,* e.g., *AFGE Local 2953 v. FLRA,* 730 F.2d 1534, 235 U.S.App.D.C. 104 (1984) (discussing the status of civilian technicians under the Technicians Act).

The plaintiff labor organization is the collective bargaining representative for civilian technicians employed by the Montana Air National Guard. Defendant James Duffy is Montana's adjutant general.

In March 1981, Montana's adjutant general and Montana Air Chapter 29 executed an agreement concerning conditions of employment for civilian technicians. Included in that labor agreement was a provision designated "Article 23," granting civilian technicians the right to wear approved civilian attire while performing civilian duties. In April 1981, the National Guard Bureau approved the labor agreement, pursuant to 5 U.S.C. § 7114(c).

In April 1985, the state's adjutant general and plaintiff executed a new three-year labor agreement. The April 1985 agreement contained an "Article 23" substantially similar to that contained in the 1981 agreement. In May 1985, however, the National Guard Bureau disapproved Article 23 of the 1985 agreement on the ground the provision violates 5 U.S.C. § 7106(a), which provides that the federal law governing collective bargaining of federal civilian employees does not purport to diminish the authority of the Guard to determine its own internal security practices.

Plaintiff subsequently filed an unfair labor practice charge with the Director of Region 7 of the Federal Labor Relations Authority based on the Guard Bureau's disapproval of Article 23 of the 1985 collective bargaining agreement. The Regional Director investigated the charge, determined it involved a "pure negotiability" issue cognizable under a separate administrative procedure and refused to issue an unfair labor practice complaint. The plaintiff then sought review of the Regional Director's decision by the General Counsel of the Federal Labor Relations Authority. In January 1986, the General Counsel denied plaintiff's administrative appeal, holding that plaintiff's claim could be pursued only as a negotiation dispute, not as an unfair labor practice charge.

Throughout the course of this administrative review process, Montana's adjutant general had agreed to observe Article 23 of the 1981 labor agreement. In February 1986, after the General Counsel refused to issue an unfair labor practice complaint on behalf of plaintiff, Adjutant General Duffy notified plaintiff that the matter was closed and that civilian technicians would be required to comply with Guard regulations concerning military dress commencing March 31, 1986. On February 28, 1986, plaintiff asked the General Counsel to reconsider its refusal to issue an unfair labor practice complaint. The General Counsel denied such request on March 10, 1986.

On March 25, 1986, plaintiff submitted a second unfair labor practice charge to the Regional Director, asserting that the state adjutant general's order requiring civilian technicians to wear military uniforms violates the terms of Article 23 of the 1985 labor agreement. This administrative claim is pending.

Plaintiff claims the defendant General Counsel had a statutory duty to review its

unfair labor practice charge on the merits because the Guard Bureau's disapproval of Article 23 of the 1985 labor agreement constituted a "contemplated change of conditions of employment." The General Counsel, however, declined to treat plaintiff's claim as one concerning change of employment conditions, but rather viewed the disapproval of Article 23 of the 1985 labor contract as a negotiation dispute. The General Counsel, therefore, refused to issue an unfair labor practice complaint and held that plaintiff could pursue its claim in the negotiation appeals process.

In creating the Federal Labor Relations Authority, Congress clearly intended that the General Counsel of the FLRA have unreviewable discretion to decline to issue unfair labor practice complaints. *See*, e.g., *Turgeon v. FLRA*, 677 F.2d 937, 938–40, 219 U.S.App.D.C. 349 (1982) (containing an extensive discussion of the legislative history of the applicable statutes); *Martinez v. Smith*, 768 F.2d 479, 480 (1st Cir.1985). *See also Heckler v. Chaney*, — U.S. —, —— ——, 105 S.Ct. 1649, 1655–57, 84 L.Ed.2d 714, 723–25 (1985) (holding an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2) of the Administrative Procedures Act, 5 U.S.C. § 701(a)(2), which precludes judicial review of agency action "committed to agency discretion by law").

### CONCLUSION

The decision to decline to issue an unfair labor practice complaint is committed to the unreviewable discretion of the General Counsel. Since there is no "final order of the Federal Labor Relations Authority" subject to judicial review under 5 U.S.C. § 7123, the Court lacks jurisdiction over the subject matter of this action.

For this reason,

IT IS ORDERED that plaintiff's motion for temporary injunctive relief is DENIED.