824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sylvester B. BERRY, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Appeal No. 87-3113.
 United States Court of Appeals, Federal Circuit.
 April 27, 1987.
 
 Before SMITH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board ("Board"), dismissing petitioner's appeal of his removal by the United States Marshal's Service of the Department of Justice ("agency") for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 Sylvester B. Berry was removed from his position as a Deputy U.S. Marshal based, in part, on the charge that he had falsified log entries in connection with his official duties. He filed a grievance pursuant to a negotiated grievance procedure, and on January 9, 1986, the arbitrator sustained his removal.
 
 
 3
 While the grievance was pending, Mr. Berry filed an unfair labor practice ("ULP") charge with the Federal Labor Relations Authority ("FLRA") pursuant to 5 U.S.C. Secs. 7116(b), alleging that he did not receive fair representation by the union during the grievance proceedings. Mr. Berry asserts that he filed the ULP charge because the union and the arbitrator refused to consider his claims of racial discrimination. The FLRA refused to issue a complaint, affirmed by its General Counsel on May 22, 1986.
 
 
 4
 Mr. Berry appealed to the Board both the arbitration decision and the FLRA refusal, alleging that an issue of racial discrimination was raised during both the grievance proceeding and before the FLRA. The Board found the allegation of discrimination unsubstantiated, and dismissed Mr. Berry's appeal for lack of jurisdiction. Berry v. Department of Justice, 31 M.S.P.R. 676, 677 (1986). Our review turns on whether Berry had raised a non-frivolous allegation of discrimination sufficient to confer jurisdiction on the Board. Ballentine v. Merit Systems Protection Board, 738 F.2d 1244, 1246-47 (Fed.Cir.1984).
 
 A.
 
 5
 The Board correctly held that it has no statutory authority over unfair labor practices. 31 M.S.P.R. at 678 (citing Clarry v. Department of Transportation, Fed. Aviation Admin., 18 M.S.P.R. 147 (1983), aff'd, 795 F.2d 1016 (Fed.Cir.1986)). Mr. Berry, appearing pro se, has cited no contrary authority, but argues that the allegations filed with the FLRA cured any deficiencies as to a discrimination claim in the arbitration. There is no statutory support for this position.
 
 
 6
 The Board found that Mr. Berry's assertion that an allegation of discrimination was raised during the grievance proceeding or before the arbitrator was not supported by the record. The assertion was contradicted by the affidavit of Gerald L. Elston, Associate Legal Counsel, U.S. Marshal's Service:
 
 
 7
 At no time did Sylvester Berry, Jr., or anyone on his behalf raise the issue of discrimination as an issue to be arbitrated in any pre-hearing submission to arbitrator Shaw and did not argue any issue of discrimination in his post-hearing brief to the arbitrator.
 
 
 8
 Mr. Berry refers to no record support for his position. Without any substantiation of Mr. Berry's allegation that he asserted the issue of discrimination before the arbitrator in accordance with 5 U.S.C. Sec. 7702, the arbitrator's decision is not appealable to the Board. The Board correctly held that there is no statutory basis for its jurisdiction in Mr. Berry's case. See Saunders v. Merit Systems Protection Board, 757 F.2d 1288, 1290 (Fed.Cir.1985) ("jurisdiction of the board is limited to those matters specifically delineated by Congress or granted to it by way of regulatory authority").
 
 B.
 
 9
 The Board stated that no exception to the arbitrator's award was filed by either party. 31 M.S.P.R. at 677. Mr. Berry contests this statement by arguing in substance that his filing of an unfair labor practice charge with the FLRA was equivalent to the filing of an exception, although the FLRA charge was filed before the arbitration was decided. In any event, when an arbitral award involves matters covered by section 7512, such as in this case, FLRA review of the award is not available. See 5 U.S.C. Secs. 7122(a), 7121(f); 5 C.F.R. Sec. 2425.3(b)(2) (FLRA "will not consider an exception with respect to an award relating to: ... removal ... covered under Sec. 7512").
 
 C.
 
 10
 The Board also correctly declined jurisdiction of petitioner's appeal of the FLRA's refusal to issue a complaint based on the ULP charge. 31 M.S.P.R. at 678. The decision not to issue a ULP complaint is not appealable. 5 C.F.R. Sec. 2423.10(e) ("The General Counsel may sustain the Regional Director's refusal to issue or re-issue a complaint ... or may direct the Regional Director to take further action.... The decision of the General Counsel shall be final.") There is no provision for review, either by the Board or the courts. See Turgeon v. Federal Labor Relations Authority, 677 F.2d 937, 939 (D.C.Cir.1982) ("the House and Senate [discussing the role and function of the General Counsel in handling unfair labor practices] each indicated that decisions of the General Counsel declining to issue unfair labor practice complaints would be unreviewable"). 5 U.S.C. Sec. 7123(a) provides for judicial review of certain orders of the FLRA in the appropriate court of appeals; this is the "only provision" ... for judicial jurisdiction" over the resolution of unfair labor practices. Columbia Power Trades Council v. United States Department of Energy, 671 F.2d 325, 327 (9th Cir.1982).
 
 D.
 
 11
 Mr. Berry asks this court to undertake its own review of the issues. There is a procedure for direct review by the Federal Circuit of an arbitral award involving an adverse action. The pertinent portion of 5 U.S.C. Sec. 7121(f) provides: "In matters covered under section [ ] ... 7512 of this title which have been raised under the negotiated grievance procedure ..., section 7703 of this title pertaining to judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board."
 
 
 12
 However, the time limits imposed by section 7703 now foreclose this avenue of review. 5 U.S.C. Sec. 7703(b)(1) ("any petition for review must be filed within 30 days after the petitioner received notice of the final order"). The arbitrator's January 9, 1986 decision became final 30 days thereafter under 5 U.S.C. Sec. 7122(b); Mr. Berry did not petition this court for review until December 8, 1986, well after the 30-day period. See Monzo v. Department of Transportation, Fed. Aviation Admin., 735 F.2d 1335, 1336 (Fed.Cir.1984) ("30-day period for appeal is statutory, mandatory, jurisdictional, and bars the claim"). This requirement can not be waived.