**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, LOCAL 1411, and Helen Owens, Petitioners,**

**v.**

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 91–1120.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 12, 1991.

Decided April 3, 1992.

Alexia McCaskill, with whom Mark D. Roth and Charles A. Hobbie, Washington, D.C., were on the brief, for petitioners.

William R. Tobey, Deputy Sol., with whom William E. Persina, Sol., and Denise Morelli, Washington, D.C., Atty., were on the brief, for respondent.

Before BUCKLEY, WILLIAMS, and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge D.H. GINSBURG.

D.H. GINSBURG, Circuit Judge:

The American Federation of Government Employees, Local 1411 filed an unfair labor practice (ULP) charge to protest the proposed suspension of an employee allegedly for conduct occurring in the course of union business. After the suspension was imposed, the employee herself filed a grievance, pursuant to the "Negotiated Agreement" between the Union and her governmental employer, challenging her suspension. Upon the employer's exception to the arbitrator's decision sustaining the grievance, the Federal Labor Relations Authority held that the grievance was barred by 5 U.S.C. § 7116(d), which requires an aggrieved party to choose between grieving and filing an ULP charge. Against the joint petition of the Union and the employee, we uphold the Authority's decision.

## I. BACKGROUND

In December 1987 Helen Owens, a pay clerk at the Army Finance and Accounting Center, was accused by her supervisor of using "abusive and offensive" language in a brief workplace encounter between them. As a result, the Army notified Owens that it proposed to suspend her without pay for 10 days. In response, Local 1411—of which Owens was acting vice president—filed an ULP charge with the Authority, alleging in relevant part that the Army had violated 5 U.S.C. §§ 7116(a)(1), (2), and (4) by proposing to suspend Owens for conduct related to official union activities. In due course Owens was in fact suspended for 10 days. While on suspension, she filed her grievance, in which she denied the alleged verbal offense and maintained that her suspension was without just cause.

In April the Regional Director of the FLRA declined to issue a complaint based upon the ULP charge filed by the Union. He reasoned that because the issues involved in the ULP charge had been raised in a prior grievance—an apparently erroneous premise—5 U.S.C. § 7116(d) barred their being raised anew as an ULP. Section 7116(d) states in relevant part that "issues which can be raised under a grievance procedure may, in the discretion of the aggrieved party, be raised under the grievance procedure *or* as an unfair labor practice ... but not under both procedures" (emphasis added). The Union appealed that decision to the General Counsel of the FLRA without success.

In a parallel proceeding, Owens exhausted the contractual grievance procedure and submitted her grievance to arbitration. Rejecting the Army's argument that Owens' grievance was barred by § 7116(d), the arbitrator revoked her suspension for want of just cause and awarded her back pay and reasonable attorney's fees.

The Army filed exceptions to the arbitrator's decision and the Authority overturned the arbitration award. The Authority ruled that because an "ULP charge was filed on the same issue in the discretion of the same aggrieved party, the later-filed grievance [was] barred." *U.S. Dep't of the Army, Army Finance and Acc'ting Center, Indianapolis, Indiana and Am. Fed'n of Gov't Employees, Local 1411 (Owens)*, 38 FLRA 1345, 1355 (1991). The Union and Owens petition for review of that decision.

## II. ANALYSIS

The FLRA treats a grievance as duplicative and therefore barred by § 7116(d) when: (1) the same issue is the subject of the grievance and of the ULP charge, (2) that issue was raised in a prior ULP charge, and (3) the decision to file the ULP charge was within the discretion of the

aggrieved party. *See, e.g., U.S. Dep't of Health and Human Services, Social Security Admin., Office of Hearings and Appeals, Region II and Am. Fed'n of Gov't Employees, Local 1760*, 36 FLRA 448, 451 (1990); *U.S. Dep't of Justice, Immigration and Naturalization Service and Am. Fed'n of Gov't Employees, Local 2724 (INS)*, 20 FLRA 743, 744 (1985). The petitioners claim that the Authority was arbitrary and capricious in determining that the first two conditions were met because the ULP charge implicated different issues and different interests than did the grievance and, in any event, the Authority was bound by the General Counsel's determination that Owens' grievance was filed first. The petitioners also insist that the Authority's application of the third condition contradicts the plain language of § 7116(d). In their view, the Authority may not presume that an ULP charge was filed "in the discretion" of the aggrieved employee simply because the record contains, as the FLRA said in the decision under review, "no indication that the employee had attempted to preclude the union from filing [the ULP charge] on the employee's behalf."

### A. Same Issues and Interests

■ The petitioners assert that the issues and interests raised by the ULP charge and the grievance in this case are not the same because the ULP charge challenged the propriety of a proposed suspension while the grievance challenged the propriety of a final suspension. A challenge to a proposed suspension, say the petitioners, "is aimed at preventing or mitigating a potential harm to an employee," while "a challenge to an actual suspension . . . is aimed at the validity of management's decision that the employee's conduct has indeed warranted the serving of a suspension."

We agree with the Authority that this difference is irrelevant to the purpose of § 7116(d), which is to preclude duplicative proceedings by requiring an aggrieved party to make an election of remedies. Regardless of whether a challenge occurs prior to or after the suspension, there can be no doubt that the same facts and the same decision are involved. Thus, to allow Owens' later-filed grievance based upon a distinction between proposed and actual agency action would drain § 7116(d) of much of its utility.

Our holding on this point is fully consistent with our decision in *Overseas Education Association v. FLRA (OEA)*, 824 F.2d 61 (D.C.Cir.1987). (Indeed, the petitioners do not argue the contrary.) In that case, we held that an ULP charge alleging that agency management discriminatorily proposed to eliminate a position held by a union official did not bar a later-filed grievance protesting the union official's notice of dismissal. *OEA* does not depend upon the distinction proffered here between proposed and actual agency action. Instead, as we noted in that case, the ULP and the grievance were based upon different factual and legal predicates: "Whereas in late 1981 [when the ULP charge was filed] the agency was only eliminating a particular position at one high school in the vast [DOD school] system, by early 1982 [when the grievance was filed] the employee was facing the prospect of outright termination." 824 F.2d at 72. Thus the court evidently understood the ULP charge to address a mere transfer of the employee, while the grievance addressed dismissal. Moreover, the ULP charge in *OEA* alleged a violation of § 7116(a), while the grievance claimed a breach of the collective bargaining agreement. *Id.* By contrast, the ULP charge and the grievance in this case rest upon the same factual predicate—namely, that Owens did nothing to warrant her suspension—and allege the same statutory and contractual violations.

The petitioners also argue that the ULP charge and the grievance serve to protect different interests. Thus, the ULP charge was filed in order to "combat a feared 'chilling effect'" that Owens' suspension might have upon union participation, while the grievance was filed in order to protect Owens' individual interest. In support of their claim that this difference between the interests involved is relevant to the purpose of § 7116(d), the petitioners cite a

footnote in *Cornelius v. Nutt,* 472 U.S. 648, 665 n. 20, 105 S.Ct. 2882, 2892 n. 20, 86 L.Ed.2d 515 (1985), where the Court states:

> [Section 7116(d) ] does not preclude a union in its institutional capacity as an aggrieved party from filing an unfair labor practice charge to enforce its own independent rights merely because an employee has initiated an appeal or grievance ... based on the same factual situation to enforce his individual rights.

The distinction drawn in *Cornelius* is inapposite to this case. The ULP charge alleged harms both to the Union and to Owens. Thus, it does not trample the Union's interest to bar a later-filed grievance seeking to vindicate only Owens' individual interest. Because that interest was already advanced in the ULP charge, the Authority properly precluded Owens' grievance under § 7116(d).

### B. Prior ULP Charge

█ With respect to the second condition, the petitioners urge that the Authority is bound by the General Counsel's erroneous determination that the ULP charge was the subject of a prior-filed grievance. Although they acknowledge that the ULP charge was in fact filed first, the petitioners argue that the General Counsel's finding to the contrary should bind the Authority. Otherwise, they claim, Owens' interest will remain totally unprotected because the ULP charge will be barred by the General Counsel's finding that Owens had previously filed a grievance, while the grievance will be barred by the Authority's finding that the Union had previously filed the ULP charge.

We conclude that the Authority is not bound by the General Counsel's erroneous reason for not prosecuting the ULP charge, but neither are the petitioners precluded from seeking reconsideration of the General Counsel's decision not to issue a complaint based upon that ULP charge. The statute assigns prosecutorial and adjudicative roles respectively to the General Counsel and to the Authority. The General Counsel investigates ULP charges, issues complaints where warranted, and prose-

cutes those complaints before the Authority. *See* 5 U.S.C. § 7104(f)(2). The Authority, in turn, decides ULP cases. *See* 5 U.S.C. § 7105(a)(2)(G).

Based upon this statutory division of functions, we have held that the Authority has no power to review a prosecutorial decision of the General Counsel or to order him to issue an ULP complaint. *See Turgeon v. FLRA,* 677 F.2d 937, 939–40 (D.C.Cir.1982). Similarly, we think that the statutory division of functions would be frustrated if a factual determination that the General Counsel makes in deciding whether to issue a complaint could bind the Authority in a subsequent proceeding upon a grievance. The factfinder designated by the Congress must be allowed to make the ultimate determination of fact. *Cf. Social Security Admin., Baltimore, Maryland and Social Security Admin., Boston Region, Boston, Massachusetts and Am. Fed'n of Gov't Employees, Local 1164,* 39 FLRA 650, 655 (1991) ("an adjudicatory body is not bound by prosecutorial decisions made in the processing of cases not before it"). Thus, we see no barrier to our agreement with the Authority's determination—which all parties know to be correct—that the Union filed its ULP charge before Owens filed her grievance and not vice versa.

Nonetheless, the petitioners are not entirely foreclosed by the General Counsel's error from pursuing a remedy for the ULP they charged. The Authority represents that the petitioners are not barred by time or otherwise from seeking and receiving reconsideration of the General Counsel's decision not to prosecute the ULP charge.

### C. The Aggrieved Party

█ Finally, with respect to the third condition, the petitioners assert that the Authority erred in concluding that the ULP charge was filed by the Union "in the discretion of the aggrieved party," *viz.* Owens. Interpreting that phrase as it appears in § 7116(d), the Authority has adopted a policy that:

> [w]here a union, in its representational capacity, files a ULP charge alleging

**180**

harm to a unit employee, and there is no indication that the employee had attempted to preclude the union from filing on the employee's behalf, [the Authority] will conclude that the ULP charge was filed ... in the employee's discretion....

*Owens* 38 FLRA at 1355; *see also Federal Bureau of Prisons and Am. Fed'n of Gov't Employees, Local 3690,* 18 FLRA 314 (1985); *INS,* 20 FLRA 743 (1985). The petitioners argue that this policy deprives the aggrieved party of her statutory choice: "an employee is deemed to have chosen either the grievance or ULP route without any evidence or a showing that the *employee* has made a conscious decision to pursue the given route" (emphasis original).

We can imagine circumstances in which the Authority's policy of presuming that the union is acting with the approbation, or even the knowledge, of the employee on whose nominal behalf it files an ULP charge would stretch the phrase "in the discretion of the aggrieved party" beyond the reach of § 7116(d). For example, we doubt that the statute could fairly be read to cover a situation where the employee was unaware that the union had filed an ULP charge encompassing her claim. The facts now before us, however, do not even test the elasticity of the statutory phrase, much less stretch it to the breaking point.

The charge was filed shortly after Owens received the proposed notice of suspension; she was vice president of Local 1411 when the charge was filed; the sole agency action protested in the charge was her proposed suspension; and the record contains no evidence that Owens disagreed with or was unaware of the charge being filed. At least in these circumstances we are constrained to agree with the Authority: "it is reasonable to expect that an employee's disagreement with an exclusive representative's choice of procedures will leave some evidentiary trace." In the record before us, there is none.

### III. CONCLUSION

For the foregoing reasons, we uphold the Authority's decision that Owens' grievance

was barred by 5 U.S.C. § 7116(d). The petition for review is accordingly

*Denied.*