**PATENT OFFICE PROFESSIONAL ASSOCIATION, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 96–1277.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 17, 1997.

Decided Nov. 7, 1997.

Lynne K. Zusman, Washington, DC, was on the briefs for petitioner.

David M. Smith, Solicitor, Federal Labor Relations Authority, William R. Tobey, Deputy Solicitor, and James F. Blandford, Attorney, Washington, DC, were on the brief for respondent.

Before: WILLIAMS, SENTELLE and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

■ Petitioner, Patent Office Professional Association ("the Association"), asks this court to review a decision of the General Counsel of the Federal Labor Relations Authority ("FLRA" or "the Authority") not to issue an unfair labor practice complaint against the Patent and Trademark Office ("Patent Office"). Although it has long been clear in this circuit that such decisions are not judicially reviewable, see Turgeon v. FLRA, 677 F.2d 937, 938–39 (D.C.Cir.1982), petitioners contend that subsequent cases have created exceptions to that rule. We disagree, and hence we dismiss the petition for lack of jurisdiction.

## I.

This is the latest episode in the interminable struggle of the Association and the Patent Office to reach an agreement on employee performance appraisals, a struggle that started in May 1981. The events relevant to this petition began in 1989, when an interest arbitrator ordered the Association and the Patent Office to adopt certain provisions regarding performance appraisals. After FLRA upheld only some of these provisions on appeal within the agency, both sides petitioned this court for review. In Patent Office Professional Ass'n v. FLRA, 26 F.3d 1148 (D.C.Cir.1994), the court held that the arbitrator had been without jurisdiction as to certain provisions and that other disputed provisions were non-negotiable. See id. at 1153–57.

In July 1994, soon after that decision's release, negotiations recommenced, but with no quick resolution. In September 1994, in an attempt to end the talks, the Association withdrew those provisions that the court had held to be outside the arbitrator's jurisdiction and those held non-negotiable. The Patent Office did not respond, however, neither suggesting replacement provisions nor agreeing to implement the remaining provisions. In March 1995, after nearly six months of silence by the Patent Office, the Association filed a claim with FLRA that charged the Patent Office with an unfair labor practice, in that its continued refusal to implement the agreement, which allegedly now contained only undisputed provisions, violated 5 U.S.C. §§ 7114(b)(5), 7116(a)(1), (5), (8).

Under the Federal Service Labor–Management Relations Statute ("Labor–Management Relations Act"), the Association was entitled to a hearing on its charge against the Patent Office only if the General Counsel issued an unfair labor practice complaint. See 5 U.S.C. § 7118(a) (1988). Concluding that the Patent Office was under no obligation to implement the provisions that remained after the Association's modifications, however, the General Counsel refused to issue such a complaint. There was no unfair labor practice in the Patent Office's refusal to implement the agreement, the General Counsel decided, because there was no agreement: even if this court's opinion had resolved certain issues, there still had been no "meeting of the minds" on the disputed provisions.

## II.

The Association seeks review of the General Counsel's decision not to issue a complaint pursuant to the judicial review provision of the Labor–Management Relations Act, under which aggrieved persons can obtain judicial review of "any final order of the Authority" (with exceptions not pertinent here). 5 U.S.C. § 7123(a) (1988). In Turgeon, this court declared flatly that it has no jurisdiction to review decisions by the General Counsel of FLRA declining to issue unfair labor practice complaints because such decisions do not constitute final orders of the agency. See Turgeon, 677 F.2d at 938–39. In an attempt to establish that this court has jurisdiction despite Turgeon, the Association em-

phasizes the Supreme Court's intervening decision in *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). Yet that case narrowed the class of decisions subject to review: the main proposition established in *Heckler* was that agency decisions not to take enforcement actions are generally not subject to review under the Administrative Procedure Act. *See id.* at 830–35, 105 S.Ct. at 1655–58. The Association, however, focuses on a footnote in *Heckler* in which the Supreme Court noted that it did not decide whether an agency's discretionary decision not to exercise its enforcement authority might be subject to review if the decision was based either on the agency's conclusion that it lacked jurisdiction or on a general policy "so extreme as to amount to an abdication of [the agency's] statutory responsibilities." *Heckler*, 470 U.S. at 833 n. 4, 105 S.Ct. at 1656 n. 4 (citing *Adams v. Richardson*, 480 F.2d 1159, 1162 (D.C.Cir.1973) (in banc)). The Ninth Circuit cited this footnote as a basis for its conclusion in *Montana Air Chapter No. 29 v. FLRA*, 898 F.2d 753 (9th Cir.1990), that the Supreme Court had endorsed such exceptions to the general rule that discretionary agency enforcement decisions are not reviewable. *See id.* at 756. Thus, the Association contends, this court can review decisions of the General Counsel not to issue unfair labor practice complaints when such decisions are the result of a misguided agency policy.

Lest there be any lingering confusion, we write to make clear that, even after *Heckler v. Chaney*, it remains the law of this circuit that a decision of the General Counsel of FLRA not to file a complaint is not judicially reviewable given that the statute provides for review only of decisions of the Authority. In *Heckler*, the Supreme Court dealt with jurisdiction under the Administrative Procedure Act and, specifically,

the provision that provides that "agency action . . . committed to agency discretion by law" is not subject to judicial review under the act. 5 U.S.C. § 701(a)(2) (1988); *see Heckler*, 470 U.S. at 828–35, 105 S.Ct. at 1654–58. Nothing in *Heckler*—and especially not the Association's favored footnote—affects the reviewability of decisions of the General Counsel under the Labor–Management Relations Act, and this court has already held that the statute does not allow judicial review of the General Counsel's decision not to issue unfair labor practice complaints. *See Turgeon*, 677 F.2d at 939. Nor could the Association claim the Administrative Procedure Act as an independent source of jurisdiction: agency actions are not reviewable under that act if other "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), and *Turgeon* definitively establishes such preclusion by the Labor–Management Relations Act. Both this court and the Supreme Court have declared, even after *Heckler*, that decisions of the General Counsel of the National Labor Relations Board whether to issue complaints are not subject to review by this court, *see NLRB v. United Food & Commercial Workers Union, Local 23*, 484 U.S. 112, 117–33, 108 S.Ct. 413, 417–26, 98 L.Ed.2d 429 (1987); *Beverly Health & Rehabilitation Servs., Inc. v. Feinstein*, 103 F.3d 151, 154 (D.C.Cir. 1996), and we now reaffirm the same for the General Counsel of FLRA. *Turgeon*'s force continues unabated.[1] *Cf. Turgeon*, 677 F.2d at 939–40. Accordingly, because the court is without jurisdiction to review the General Counsel's decision not to issue an unfair labor practice complaint, we dismiss the petition for review.

---

1. Our reasoning is specific to the Labor–Management Relations Act, and we thus do not question the cases in this circuit that allow judicial review of agency nonenforcement decisions in certain other contexts. Most importantly, we do not disturb this circuit's exceptions to the general rule, under *Heckler*, that § 701(a)(2) of the Administrative Procedure Act precludes judicial review over nonenforcement decisions. *See, e.g., Crowley Caribbean Transp., Inc. v. Pena*, 37 F.3d

671, 674–77 (D.C.Cir.1994); *Edison Elec. Inst. v. EPA*, 996 F.2d 326, 333 (D.C.Cir.1993); *National Wildlife Federation v. EPA*, 980 F.2d 765, 772–73 (D.C.Cir.1992); *Safe Energy Coalition v. United States Nuclear Regulatory Comm'n*, 866 F.2d 1473, 1476–80 (D.C.Cir.1989); *International Longshoremen's Ass'n v. National Mediation Bd.*, 785 F.2d 1098, 1100–01 (D.C.Cir.1986); *Adams*, 480 F.2d at 1162.