United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Decided November 7, 1997 

 No. 96-1277

 Patent Office Professional Association, 

 Petitioner

 v.

 Federal Labor Relations Authority, 

 Respondent

 On Petition for Review of an Order of the 

 United States Patent Office

 Lynne K. Zusman was on the briefs for petitioner.

 David M. Smith, Solicitor, Federal Labor Relations Au-
thority, William R. Tobey, Deputy Solicitor, and James F. 
Blandford, Attorney, were on the brief for respondent.

 Before: Williams, Sentelle and Rogers, Circuit Judges.

 Opinion for the Court filed by Circuit Judge Rogers.


 Rogers, Circuit Judge: Petitioner, Patent Office Profes-
sional Association ("the Association"), asks this court to re-
view a decision of the General Counsel of the Federal Labor 
Relations Authority ("FLRA" or "the Authority") not to issue 
an unfair labor practice complaint against the Patent and 
Trademark Office ("Patent Office"). Although it has long 
been clear in this circuit that such decisions are not judicially 
reviewable, see Turgeon v. FLRA, 677 F.2d 937, 938-39 (D.C. 
Cir. 1982), petitioners contend that subsequent cases have 
created exceptions to that rule. We disagree, and hence we 
dismiss the petition for lack of jurisdiction.

 I.

 This is the latest episode in the interminable struggle of the 
Association and the Patent Office to reach an agreement on 
employee performance appraisals, a struggle that started in 
May 1981. The events relevant to this petition began in 1989, 
when an interest arbitrator ordered the Association and the 
Patent Office to adopt certain provisions regarding perfor-
mance appraisals. After FLRA upheld only some of these 
provisions on appeal within the agency, both sides petitioned 
this court for review. In Patent Office Professional Ass'n v. 
FLRA, 26 F.3d 1148 (D.C. Cir. 1994), the court held that the 
arbitrator had been without jurisdiction as to certain provi-
sions and that other disputed provisions were non-negotiable. 
See id. at 1153-57.

 In July 1994, soon after that decision's release, negotiations 
recommenced, but with no quick resolution. In September 
1994, in an attempt to end the talks, the Association withdrew 
those provisions that the court had held to be outside the 
arbitrator's jurisdiction and those held non-negotiable. The 
Patent Office did not respond, however, neither suggesting 
replacement provisions nor agreeing to implement the re-
maining provisions. In March 1995, after nearly six months 
of silence by the Patent Office, the Association filed a claim 
with FLRA that charged the Patent Office with an unfair 
labor practice, in that its continued refusal to implement the 


agreement, which allegedly now contained only undisputed 
provisions, violated 5 U.S.C. ss 7114(b)(5), 7116(a)(1), (5), (8).

 Under the Federal Service Labor-Management Relations 
Statute ("Labor-Management Relations Act"), the Associa-
tion was entitled to a hearing on its charge against the Patent 
Office only if the General Counsel issued an unfair labor 
practice complaint. See 5 U.S.C. s 7118(a) (1988). Conclud-
ing that the Patent Office was under no obligation to imple-
ment the provisions that remained after the Association's 
modifications, however, the General Counsel refused to issue 
such a complaint. There was no unfair labor practice in the 
Patent Office's refusal to implement the agreement, the Gen-
eral Counsel decided, because there was no agreement: even 
if this court's opinion had resolved certain issues, there still 
had been no "meeting of the minds" on the disputed provi-
sions.

 II.

 The Association seeks review of the General Counsel's 
decision not to issue a complaint pursuant to the judicial 
review provision of the Labor-Management Relations Act, 
under which aggrieved persons can obtain judicial review of 
"any final order of the Authority" (with exceptions not perti-
nent here). 5 U.S.C. s 7123(a) (1988). In Turgeon, this 
court declared flatly that it has no jurisdiction to review 
decisions by the General Counsel of FLRA declining to issue 
unfair labor practice complaints because such decisions do not 
constitute final orders of the agency. See Turgeon, 677 F.2d 
at 938-39. In an attempt to establish that this court has 
jurisdiction despite Turgeon, the Association emphasizes the 
Supreme Court's intervening decision in Heckler v. Chaney, 
470 U.S. 821 (1987). Yet that case narrowed the class of 
decisions subject to review: the main proposition established 
in Heckler was that agency decisions not to take enforcement 
actions are generally not subject to review under the Admin-
istrative Procedure Act. See id. at 830-35. The Association, 
however, focuses on a footnote in Heckler in which the 
Supreme Court noted that it did not decide whether an 


agency's discretionary decision not to exercise its enforce-
ment authority might be subject to review if the decision was 
based either on the agency's conclusion that it lacked jurisdic-
tion or on a general policy "so extreme as to amount to an 
abdication of [the agency's] statutory responsibilities." Heck-
ler, 470 U.S. at 833 n.4 (citing Adams v. Richardson, 480 F.2d 
1159, 1162 (D.C. Cir. 1973) (in banc)). The Ninth Circuit 
cited this footnote as a basis for its conclusion in Montana 
Air Chapter No. 29 v. FLRA, 898 F.2d 753 (9th Cir. 1990), 
that the Supreme Court had endorsed such exceptions to the 
general rule that discretionary agency enforcement decisions 
are not reviewable. See id. at 756. Thus, the Association 
contends, this court can review decisions of the General 
Counsel not to issue unfair labor practice complaints when 
such decisions are the result of a misguided agency policy.

 Lest there be any lingering confusion, we write to make 
clear that, even after Heckler v. Chaney, it remains the law of 
this circuit that a decision of the General Counsel of FLRA 
not to file a complaint is not judicially reviewable given that 
the statute provides for review only of decisions of the 
Authority. In Heckler, the Supreme Court dealt with juris-
diction under the Administrative Procedure Act and, specifi-
cally, the provision that provides that "agency action ... 
committed to agency discretion by law" is not subject to 
judicial review under the act. 5 U.S.C. s 701(a)(2) (1988); 
see Heckler, 470 U.S. at 828-35. Nothing in Heckler--and 
especially not the Association's favored footnote--affects the 
reviewability of decisions of the General Counsel under the 
Labor-Management Relations Act, and this court has already 
held that the statute does not allow judicial review of the 
General Counsel's decision not to issue unfair labor practice 
complaints. See Turgeon, 677 F.2d at 939. Nor could the 
Association claim the Administrative Procedure Act as an 
independent source of jurisdiction: agency actions are not 
reviewable under that act if other "statutes preclude judicial 
review," 5 U.S.C. s 701(a)(1), and Turgeon definitively estab-
lishes such preclusion by the Labor-Management Relations 
Act. Both this court and the Supreme Court have declared, 


even after Heckler, that decisions of the General Counsel of 
the National Labor Relations Board whether to issue com-
plaints are not subject to review by this court, see NLRB v. 
United Food & Commercial Workers Union, Local 23, 484 
U.S. 112, 117-33 (1987); Beverly Health & Rehabilitation 
Servs., Inc. v. Feinstein, 103 F.3d 151, 154 (D.C. Cir. 1996), 
and we now reaffirm the same for the General Counsel of 
FLRA. Turgeon's force continues unabated.1 Cf. Turgeon, 
677 F.2d at 939-40. Accordingly, because the court is with-
out jurisdiction to review the General Counsel's decision not 
to issue an unfair labor practice complaint, we dismiss the 
petition for review.

_________
1 Our reasoning is specific to the Labor-Management Relations 
Act, and we thus do not question the cases in this circuit that allow 
judicial review of agency nonenforcement decisions in certain other 
contexts. Most importantly, we do not disturb this circuit's excep-
tions to the general rule, under Heckler, that s 701(a)(2) of the 
Administrative Procedure Act precludes judicial review over nonen-
forcement decisions. See, e.g., Crowley Caribbean Transp., Inc. v.
Pena, 37 F.3d 671, 674-77 (D.C. Cir. 1994); Edison Elec. Inst. v. 
EPA, 996 F.2d 326, 333 (D.C. Cir. 1993); National Wildlife Fed'n v. 
EPA, 980 F.2d 765, 772-73 (D.C. Cir. 1992); Safe Energy Coalition 
v. United States Nuclear Regulatory Comm'n, 866 F.2d 1473, 1476-
80 (D.C. Cir. 1989); International Longshoremen's Ass'n v. Nation-
al Mediation Bd., 785 F.2d 1098, 1100-01 (D.C. Cir. 1986); Adams, 
480 F.2d at 1162.